JAMES E. BARTLETT, *Plaintiff in Error* v. BERT C. COHN, *Defendant in Error.*

Division A.

Opinion filed February 21, 1929.

*Burket & Fish, Harold H. Flower, F. W. Dart* and *Will O. Murrell,* for Plaintiff in Error.

TERRELL, C. J.—In May, 1925, defendant in error brought an action at law against the plaintiff in error. The declaration was in the common counts and laid damages in the sum of $4000.00. There was no appearance or pleadings on the part of defendant below, plaintiff in error here, so judgment was taken by default and execution was issued thereon in March, 1927. A motion for stay of said execution was seasonably made and denied and writ of error was taken to that judgment.

The motion for stay of execution was made pursuant to Section 2829, Rev. Gen. Stats. (Sec. 4515 Comp. Gen. Laws of Fla. 1927) and is predicated on the insufficiency of the sheriff's return to the summons *ad respondendum* and the further allegation that the record shows that the cause of action did not accrue until after the commencement of the action.

Sec. 2829, Rev. Gen. Stats. of Fla., is as follows:

2829. The Court before which an execution is returnable may, on a motion and notice to the adverse party, for good cause, upon such terms as the court may impose, direct a stay of the same, and the suspension of proceedings thereon.

This statute contemplates a liberal discretion on the part of trial courts in the matter of control over executions issued from them. Such control may go to the extent of staying the execution and suspending proceedings thereunder on terms directed by the court.

By the facts disclosed in the record the return of the sheriff on the summons was insufficient to properly identify the defendant and bring him under the jurisdiction of the court. It did not therefore amount to due process and since it was the basis of the execution the execution was without a proper predicate and should have been stayed.

The judgment below is accordingly reversed.

Reversed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND BUFORD, J., AND LONG, Circuit Judge, concur in the opinion and judgment.