E. H. KELLERMAN v. COMMERCIAL CREDIT COMPANY

189 So. 689
Division A
Opinion Filed May 16, 1939
Rehearing Denied June 23, 1939

*John Tilden, H. L. Pringle* and *W. F. Anderson,* for Plaintiff in Error.

*Altman & Cooper* and *Giles F. Lewis,* for Defendant in Error.

TERRELL, C. J.—On March 6, 1928, a default was entered in a common law action wherein E. H. Kellerman was plaintiff and Commercial Credit Company was defendant. A jury was forthwith impanelled and after hearing testimony returned a verdict for the plaintiff on which final judgment was entered. On the same day execution was issued and placed in the hands of the Sheriff of Hillsborough County to realize on the final judgment.

On January 13, 1930, the Sheriff made the following return to the execution: "Returned the within writ not executed by authority of an order issued by Judge Hazard dated June 28, 1928, permanently and forever staying all proceedings thereon." On June 23, 1928, one hundred nine (109) days after the default and final judgment were entered, Commercial Credit Company filed its motion to stay the execution, set aside the final judgment, permit the defendant to file pleas and try the case on the merits. On June 28, 1928, the Court entered an order granting the motion to set aside the default and final judgment and to permanently and forever stay the execution and all proceedings thereon.

On January 13, 1930, the Sheriff returned the execution marked "not executed." A new execution was subsequently issued, a motion to quash which was entered November 21, 1936. On November 28, 1936, the motion to quash was granted and the instant writ of error was prosecuted to that order.

The primary question presented is whether or not the Order of June 28, 1928, permanently staying the execution on the final judgment had or could have had the effect of forever staying any and all executions thereon.

Section 4516, Compiled General Laws of 1927, authorizes a Court before whom an execution is returnable, for good cause shown, on motion and notice to the adverse party to direct a stay and suspension of all proceedings under the execution. A stay order may not at all times affect the judgment permanently but it is within the power of the Court entering it to accord it this status. As to what extent it does this, the content and purpose of the motion will be the safest guide.

The motion to stay the execution in this case was predicated on fraud, mistake, and surprise. This was a question of fact for the Court to settle and if the motion to stay was granted for this reason it was proper to make it permanent. We have searched the record diligently and have searched the briefs of appellant but find no good reason to predicate a reversal of the judgment appealed from.

We have examined other questions raised but it is not made to appear that reversible error was committed. A discussion of these questions would add nothing to this opinion.

The judgment is therefore affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.

### PETITION FOR REHEARING

PER CURIAM.—This cause is before us on petition for rehearing pursuant to our judgment entered herein on May 16, 1939, or in the alternative that this Court do enter an order clarifying its judgment so as to make certain the rights of the parties and particularly whether or not the plaintiff in error may now present to the lower Court application for an order and judgment *nunc pro tunc* as of the date of the order of June 28, 1928, thereby vacating the default and final judgment and allowing the parties to proceed in the court below as if no default or judgment had been entered.

The effect on our opinion and judgment entered herein on May 16, 1939, was to hold that the order of the 28th day of June, 1928, in effect granted the motion filed June 23, 1928, in which it was prayed:

"Wherefore, the premises considered, the defendant moves the court to permanently stay said execution and to set aside said judgment and allow this defendant to sign and swear to said pleas and demurrer and to permit said cause of action to go to trial on its merits in due course and the defendant hereby offers and is ready, able and willing that the court try said cause forthwith on its merits." Although the order referred to did not in terms vacate and set aside the default and final judgment entered thereon.

It, therefore, follows that an order should be made in the court below formally vacating and setting aside the default and final judgment referred to in our original opinion and allowing the defendants in the court below reasonable time in which to plead to the declaration and thereupon to proceed to dispose of the cause according to law and the rules of practice.

Our judgment, *supra,* is hereby modified so as to attain that end.

The petition for rehearing is denied.

So ordered.

TERRELL, C. J., and BUFORD, and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.