SEBRING, Justice.
This appeal is brought to review an order of the Circuit Court of St. Johns County, Florida, wherein the circuit judge refused to entertain a motion to set aside a forfeiture proceeding and vacate judgment entered against the appellant.
Section 903.15, Florida Statutes 1951, F.S.A., dealing with the question of bail in a criminal proceeding by a surety company provides: “Bail may be given by a fidelity or surety company authorized to act as surety within this state. Any such company may execute the undertaking as surety by the hand of an officer or attorney authorized thereto by a resolution of its board of directors, a certified copy of which, under its corporate seal, shall be on file with the clerk of the circuit court. Same must be renewed annually.”
Peerless Casualty Company, a corporate surety company authorized to act as surety in Florida, complied with" this section of the statute by causing to be filed with the clerk of the Circuit Court of St. Johns County a certified copy of a resolution authorizing one D. W. Parfitt, Jr., as its attorney in fact to execute appearance bonds on its behalf “provided that the said Attorney in Fact shall attach to every bond or undertaking he signs in behalf of the Peerless Casualty Company a specific numbered power of attorney showing his right to sign on behalf of the Peerless Casualty Company.”
This resolution gave to Parfitt the following authority: “To insert in the Power of Attorney which is to be attache'd to every bond or undertaking executed on behalf of the Company, the name of any court having jurisdiction in and for the *671 State of Florida and the full identifying caption, charge and number of the cause in which the bond is tendered for filing”; and further provided the “specimen copy of the Power of Attorney he so does attach for every bond or undertaking is attached hereto.” (Emphasis supplied.)
In addition to these provisions the resolution recited that the New York office of the Peerless Casualty Company is at 116 John Street, New York City, New York, and its principal place of business is at Keene, New Hampshire. It listed no other address. It gave no address for D. W. Parfitt, Jr. It conferred no authority upon Parfitt other than as quoted above.
On December 28, 1951, one Maxie, a defendant in a criminal cause then pending in St. Johns County, filed an appearance bond executed by himself as principal and signed by Parfitt, as attorney in fact for Peerless Casualty Company, as surety. No power of attorney, numbered or otherwise, purporting to show the right or authority of Parfitt to sign the appearance bond on behalf of Peerless Casualty Company was attached or filed with the bond.
Maxie failed to appear in court when required to answer the criminal charge pending against him. Thereupon the presiding circuit judge made and entered a certificate reciting the non-appearance of the defendant; and on July 19, 1952, the clerk of the Circuit Court of St. Johns County sent a letter by registered mail, return receipt requested, addressed to “Peerless Casualty 'Company, % D. W. Parfitt, Jr., 630 Liberty Street, Jacksonville, Florida”, enclosing a copy of the certificate entered by the presiding judge and demanding payment from the surety of the penal sum of the bond. The return receipt shows that the letter was received by one John J. McMahon at Jacksonville, Florida, on July 21, 1952.
On July 25, 1952, the trial judge entered an order declaring the appearance bond forfeited, and on August 13, 1952, the trial judge rendered a final judgment against Maxie and his surety for the face amount of the bond.
On October 1, 1952, the Peerless Casualty Company filed a sworn motion to vacate and set aside the judgment entered against it as surety. In the motion it alleged the facts set forth above, and in addition that it “had no knowledge of the signing of said bond until September 19, A.D. 1952, when it received a telegram from the Insurance Commissioner of Florida advising it of the fact that a forfeiture or' judgment had been entered against it on said bond”; that it “was never otherwise notified, and had no knowledge of the signing of said bond, of entry of the order of estreatment on July 10, A.D. 1952, or of entry of the judgment on August 13, A.D. 1952.”
The circuit judgé declined to entertain jurisdiction of the motion on the sole ground that the motion was not filed within 25 days from the entry of the judgment, as required by section 903.30, Florida Statutes 1951, F.S.A. The appellant thereupon sought review of the order entered by the circuit judge and the matter is now before us for disposition.
We are of opinion that the trial judge should have taken jurisdiction of the sworn motion to vacate the certificate and judgment of forfeiture and should have explored the issues tendered therein for the purpose of informing himself whether, as a matter of fact, a condition existed which would justify a: remission of forfeiture as against the surety.
 ■ While it is true that section 903.-30, Florida Statutes 1951, F.S.A., upon which the trial judge relied in refusing to take jurisdiction, provides that an application to set aside or modify a judgment of forfeiture shall be made within twenty-five days from the entry of judgment, this section is applicable, we think, only to' cases involving sureties who are plainly legally obligated, and not to cases where the surety company named in the bond contends or makes a showing that it had no knowledge or notice of the proceeding and never, in fact, became legally bound as surety upon the undertaking forfeited, because the person who affixed his signature to the bond as attorney in fact for the *672 surety company was entirely without power or authority to bind it as to the particular undertaking. Even if we should assume that the statute contemplates entry of a forfeiture' judgment without notice to the surety in the ordinary case, it is obvious that the only basis :of jurisdiction over such surety would be 'the fact that it became legally obligated on the bond in the first instance and thereby waived notice and submitted itself to whatever action might thereafter be taken against it by the court. The obligation on the bond is, therefore, the basic jurisdictional fact in such a proceeding. And it- is' generally held that statutes imposing limitations on the time within which applications may be made' to open or set aside judgments are. not applicable to an application for the opening of a judgment on the ground that the court never had jurisdiction to enter it. See Kroier v. Kroier, 95 Fla. 865, 116 So. 753. 49 C.J.S., Judgments, §§ 267, 337, pp. 482, 657.
Any other construction of section 903.30, F.S.1951J F.S.A., would impose upon a surety, without giving it the opportunity to defend, a monetary penalty in respect to a contract or undertaking which it had never entered into, in contravention of every accepted principle or notion of due process. 16 C.J.S. Constitutional Law, § 619(c), p. 1252.
Under these circumstances it appears to us that the surety company was entitled to a hearing on its motion, and, if it sustained the issues presented in the motion, to a due consideration by the trial judge as to whether the movant was entitled to some form of relief, either under the provisions of sections 903.30 and 903.31, Florida Statutes 1951, F.S.A., under other statutory provisions that may be available, or under the inherent power of courts to relieve from a forfeiture or recognizance where existing statutory procedures do not afford relief. See 6 Am.Jur., Bail & Recogn., sec. 119; Restatement of the Law of Security, sec. 209; compare, Barnett v. Hickson, 52 Fla. 457, 41 So. 606; Bartlett v. Cohn, 97 Fla. 256, 120 So. 357; State ex rel. Ketchem v. Court of Crimes, 117 Fla. 26, 157 So. 17; Kellerman v. Commercial Credit Co., 138 Fla. 133, 189 So. 689; Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514; Dade County v. Brigham, Fla., 40 So.2d 835.
From the conclusions reached it follows that the order appealed from should be reversed for further proceedings in conformance with this opinion.
It is so ordered.
ROBERTS, C. J., TERRELL, J., and DAYTON, Associate Justice, concur.