SEBRING, Justice.
This is a companion case to State v. Maxie, Fla., 66 So.2d 670, and involves substantially the same facts and legal issues, except that final judgment has not yet been entered in the lower court pursuant to the order of forfeiture herein.
As will appear from the opinion of this Court in State v. Maxie, supra, the error complained of was the denial by the court of a motion to vacate the order or judgment of forfeiture upon the ground that the motion was not timely made under the provisions of section 903.30, Florida Statutes 1951, F.S.A. The ruling in State v. Maxie is controlling here as to the inapplicability of section 903.30 where, as in this case, the motion to vacate involves an attack on jurisdictional facts upon which the authority of the court to enter the order or judgment was predicated.
Although the order of forfeiture in this case may not be considered a judgment final in nature for appeal purposes, review by this Court may nevertheless be obtained on certiorari when a jurisdictional question is raised. See Hartford Accident & Indemnity Co. v. City of Thomasville, Ga., 100 Fla. 748, 130 So. 7. And section 59.45, Florida Statutes 1951, F.S.A., provides:
“If an appeal be improvidently taken where the remedy might have, been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiora-ri duly presented to the supreme court.”
Under the facts of this case it appears to us that the appeal should be treated as a certiorari proceeding, by virtue of the provisions of section 59.45 supra, and being so treated, that the order, sought to be reviewed should be quashed with directions that further proceedings be had in the court below in accordance with the views, expressed in State v. Maxie, supra.
It is so ordered.
ROBERTS, C. J., TERRELL, J., and DAYTON, Associate Justice, concur.