O’CONNELL, Justice.
• C. J." Wagner,, who is-respondent in this petition for writ,: of certiorari brought a chancery .action against -the, defendant, petitioner • here, ■ wherein Wagner sought cancellation of a contract and award of a money judgment. Service of .process was made on-an attorney who was secretary of .and resident agent for the defendant corporation. This attorney filed an answer for the defendant and thereafter a summary final decree wás rendered in favor of Wagner. Execution was issued on the decree and levy- made on assets of. defendant. On the day set for sale of the assets to satisfy the decree defendant, .through other attorneys, filed a motion for order *172 to show cause, wherein the court was asked to stay the execution sale and set aside the decree. The court stayed the :sale, issued a rule to show cause to'Wagner and the attorney who had filed the answer for the defendant corporatiomdirecting that they show’cause why. the stay order should not be made permanent and the final decree set aside. After a hearing pursuant to-this order, the chancellor issued an order dated October 9, 1956 appointing a speciál'ex-aminer to hear and take testimony relative to the matter but. specifically, limited the examiner to taking and-.hearing testimony on the sole issue of the authority of the attorney in- question to file the answer for defendant. ' • .
In its motion' for order to show cause and to set aside final'decree the defendant contended that.the motion should be granted for" four reasons. They are: (I) insufficiency of returfi of process; (2) insufficiency oi process; (3) the attorney had no authority to’ file an answer for defendant; and (’4) the attorney was neither authorized nor qualified to file the answer for defendant and was not qualified to accept service'of process because the attorney liad an interest in the outcome of the cause, which interest- was adverse to defendant, and that the attorney had represented plaintiff in another action brought by the president of the defendant corporation and Ihad during the pendency of the instant litigation formed, with plaintiff, a corporation, which corporation was engaged in the ■same business as-defendant,-'and under the samé contract sought to' be cancelled- in this suit. ■ ’■ ■ -
Defendant contends' that the 'order of October 9, 1956 was erroneous in that' it prevented it from showing evidence to ■support items (1), (2), and (4) in the preceding paragraph. The petition for writ <of certiorari .seeks review of that order.
From reading the transcript of testimony of proceedings had before the chancellor on the order to show cause, at which argument was made by attorneys for the parties and the attorney in question, it is clear that the chancellor was of the opinion that the questions of the sufficiency of process and return thereon were immaterial if the attorney had the authority to enter the answer which he filed. With this we agree. Seaboard Realty Co. v. Seaboard All-Florida Ry., 1926, 91 Fla. 670, 108 So. 675. If the chancellor determines that the attorney did not have authority to file the answer, or that fraud or collusion was practiced on the defendant in the filing thereof it might be necessary then to determine the sufficiency of the process and return in order to ascertain whether the court had jurisdiction of the defendant. We then hold that the chancellor committed no error in refusing to consider the defendant’s grounds (1) and (2), above mentioned, at .this stage of the proceedings.
The chancellor agreed with defendant that’ it could, submit evidence to show .lack of authority of the attorney to file the answer. Only the correctness of the order attacked ’insofar as it denied defendant the right to'submit-evidence-on its last ground, i. e. (4) above mentioned, is left to be decided.
‘ Again referring to the transcript of testimony of argument before the court on the order .to show cause; it appears that the court did not intend to hold that fraud or collusion in the filing of the answer or •obtaining the judgment-would not be sufficient ground to set aside the final decree or to make permanent the order staying the sale. It appears that the chancellor was of the opinion that the motion for stay order and to set aside the final decree did not allege fraud. In response to argument by counsel that defendant should be allowed to show evidence of the adverse interest of the attorney filing the answer for defendant and to show that the attorney had suppressed the fact that a suit had been filed against defendant, the chancellor said:
“I want- to know whether he is authorized to file an answer. If something else comes in you have your *173 clients down here ■ now let them file a petition and set up fraud and so on and so forth.”
This Court- has held that fraud, mistake or surprise are sufficient to warrant a court to set aside a. final judgment or to permanently stay execution. Kellerman v. Commercial Credit Co., 1939, 138 Fla. 133, 189 So. 689. It is apparent that the learned chancellor recognized that this is the law of this State.-
- In our opinion the motion.for show cause order, the affidavits and1 other documents filed in. the court below, 'which are a part of the record before us, a're sufficient to raise the -issu-e- of fraud of collusion in the filing of the answer for defendant -and allowing'- plaintiff to obtain its judgment. These are questions-of fact to be determined by-the chancellor.
We therefore • hold that the chancellor committed no error in refusing, at this time," to receive evidence on the question of the sufficiency of -process or 'the return thereof, but that he should " receive and consider evidence of fraud, collusion and conflicting interest, if any, of. the attorney who received service'o-f process and-filed the an-' swer for-the defendant as-said issues 'are raised by the pleadings in the cause.
We have carefully considered the various-motions filed by- the respondent, plaintiff below, and the -attorney -involved and all; are found to be without merit, and are therefore denied.
Accordingly, -the petition for .certiorari, is granted, so much of the order dated October 9, 1956 as is in conflict herewith is quashed, with directions that further proceedings not inconsistent with this opinion be had in accordance with law.
DREW, C. J., and ROBERTS and THORNAL, JJ., concur.