HENDRY, Chief Judge.
This is an appeal from an order granting the defendant’s motion for stay of writ of execution, vacating the default final judgment, quashing service of process, and directing the sheriff to return the sum of money then in his hands pursuant to the execution levied by him.
The plaintiff, Paul E. Morris, d/b/a Paul Morris Insurance Company, filed a complaint for damages for breach of contract and a request for an accounting against the defendant, American Bankers Insurance Company of Florida. Service of process was made upon one “Mr. Kipler, V. Pres., in absence of Pres.” at the office of the defendant. A default was entered against the defendant for failure to file an answer or other pleading, which was followed by final judgment. On a writ of execution, the defendant delivered to the sheriff full payment of the judgment. Thereafter, defendant filed a motion for stay of execution and motion to dismiss.
Defendant sought to stay execution under § 55.38, Fla.Stat., F.S.A., based on a lack of jurisdiction over its person because of insufficiency of service of process under § 624.0221, Fla.Stat., F.S.A. which directs each insurer to appoint the Commissioner of Insurance of the State of Florida as its attorney to receive service of all legal process and that such service shall be the sole method of service of process.
Plaintiff contends that the service of process used was authorized by a statute which was repealed by § 624.0221, supra; that since its claim arose out of a contract entered into prior to the effective date of said section its rights were reversed under the repealed statute by § 624.20, Fla.Stat., F.S.A., referred to as a “saving clause”. Plaintiff also contends that the motion to stay execution should have been brought under § 55.37, Fla.Stat., F.S.A., which sets a definite procedural standard which is applicable if an execution issues illegally, rather than § 55.38, supra.
The parties to a contract have no vested right in the remedies or mode of procedure existing for its enforcement at the time the contract is executed, and the legislature may modify or change existing remedies or prescribe new modes of procedure, without impairing the obligation of contracts, provided a substitute or efficacious remedy remains or is provided by which a party cap enforce his rights under the contract.[1]
It is not necessary to reserve the plaintiff’s rights under the repealed statute as the legislature, by § 624.0221, supra, provided an efficacious procedure by which plaintiff could enforce his rights under the contract. Since the legislature provided that the sole method of service of process shall be upon the commissioner, the service in the initial action was insufficient to bring the defendant under the jurisdiction of the court. -
Further, since the service used did not amount to due process and it was the basis of the execution, the execution was without a proper predicate and was correctly stayed under § 55.38, supra.[2]
Therefore, the order appealed is affirmed.
Affirmed.

. Springer v. Colburn, Fla.1964, 162 So. 2d 513; State ex rel. Van Ingen v. City of Panama City, 126 Fla. 776, 171 So. 760 (1937).

. Bartlett v. Colm, 97 Fla. 256, 120 So. 357 (1929).