## COOK, TREASURER, ET AL. *v.* MILLER.

[No. 6,908. Filed April 18, 1911.]

1. APPEAL.—*Harmless Error.—Ruling on Paragraph.—Judgment Upon Another.*—Where the judgment rests upon a certain paragraph of complaint, erroneous rulings on others are harmless. p. 455.

2. DEEDS.—*Legal and Equitable Titles.—Husband and Wife.—Consideration.*—Where a wife furnished the consideration for the purchase of land but the husband wrongfully took the title in his own name, instead of hers, the wife remaining in ignorance thereof, she is the equitable owner of the land. p. 457.

3. ELECTION.—*Remedies.—Quieting Title.—Recovery of Consideration of Deed.*—Where a wife furnishes the consideration for the purchase of land, but the husband wrongfully takes the title in his own name, instead of hers, she may elect either to quiet her title, or to recover from him the amount paid. p. 457.

4. EQUITY.—*Maxims.—Considering as Done What Should Be Done.—Husband and Wife.*—Equity will consider as done that which should be done, and protect the wife from the violation of a fiduciary duty on the part of the husband. p. 457.

5. ELECTION.—*Remedies.—Filing Claim.*—Where a wife elected to assert a claim for money advanced to her husband for the purchase of land for her, the title to which he took in his own name, she thereby abandons any claim to the land. p. 458.

6. TAXATION.—*Money Demands.—Equitable Title to Land.*—Where a wife advanced the purchase money for lands purchased for her, but the husband, without her knowledge, took the legal title to such lands in his own name, she is not liable for taxes on the sum so advanced, where the taxes on the lands were paid, she being the equitable owner thereof. p. 458.

From Tipton Circuit Court; *James F. Elliott,* Judge.

Suit by Mary I. Miller against Luton L. Cook, as treasurer of Tipton county, and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Gifford & Gifford,* for appellants.

*Edward Daniels* and *Cassius C. Hadley,* for appellee.

MYERS, C. J.—This was a suit by appellee, against appellants as treasurer and auditor, respectively, of Tipton county, to enjoin the collection of alleged taxes. From a judgment in favor of appellee, perpetually enjoining appellants and their successors in office from collecting from appellee any of the taxes mentioned in the complaint, appellants appeal, and separately assign error of the court in overruling their separate demurrer, for want of facts, to each paragraph of the complaint, and error of the court in its conclusions of law. Other errors are assigned, but no point is made on them.

At the time of filing the complaint, which was in two paragraphs, Thomas W. Longfellow was auditor of Tipton county, and was later succeeded by appellant, J. Frank Barlow, and in the court below Barlow was substituted for Longfellow. Appellant Cook was treasurer of Tipton county.

The first paragraph of the complaint proceeded upon the theory that the officers had failed to do the things required by the statute precedent to the sale of appellee's property for the payment of the alleged taxes.

The theory of the second paragraph was that the alleged taxes were illegal and void; that appellee had paid all taxes due from her on account of any property owned by her during the years for which said taxes were alleged to be due.

The record discloses that the judgment rests upon the second paragraph of the complaint, therefore the ruling on the demurrer to the first paragraph, even if erroneous, was harmless, and no further attention need be given to the error assigned upon the overruling of the demurrer to that paragraph. *Rohrof* v. *Schulte* (1900), 154 Ind. 183; *Vandalia R. Co.* v. *McAninch* (1909), 43 Ind. App. 221.

The court made a special finding of facts, and stated conclusions of law thereon. Exceptions to the conclusions of law, and the assignment that the court erred in its conclusions of law, present all the questions necessary for us to consider in determining the rights of the parties to this appeal.

From the special findings, it appears that for many years prior to September 6, 1884, appellee and Charles Miller were husband and wife; that said marital relations continued until the death of the husband, October 27, 1900; that during the years 1872, 1878, 1882, 1883 and 1884, appellee inherited certain amounts of money aggregating $2,919.40, which she turned over to her said husband, who received and used such money until September 6, 1884, when by agreement between appellee and her said husband said money was used in the purchase of certain real estate for appellee, and said husband was discharged from further liability on account of said money so received by him; that the deed for said real estate was to be made to appellee; that in addition to the cash payment said real estate was subject to two mortgages, one for $1,200 and the other for $1,000; that in 1885 appellee inherited a further sum of $960, and, believing that she was the owner of said real estate in fee simple, applied said money on said mortgage indebtedness; that the paper title to said real estate, without the knowledge or consent of appellee, was taken by her husband, who received the deed and kept it locked up among his private papers, and not until a few days prior to his death did appellee have any knowledge of its contents, or that it did not show the legal title in her name; that appellee, relying upon her said husband to have said deed made to her, and believing it had been so executed, at no time prior to his death made or claimed any liability against him on account of said sums of money; that said husband during all of said time was wholly insolvent; that after the

death of her said husband, and the appointment of an administrator for his estate, appellee, on June 15, 1901, elected to file a claim against her said husband's estate for said sums of money and the interest thereon, and did file her said claim, which was by the Tipton Circuit Court allowed, and upon the sale of said real estate by said administrator, to pay debts of the decedent, and from the proceeds of said sale, said allowance was paid; that all taxes against said real estate during all of said time, including the year 1901, were fully paid; that in the year 1905 the auditor of Tipton county placed upon the tax duplicate of said county taxes against appellee for the years 1885 to 1901, both inclusive, amounting in the aggregate to $841.04, and at the time of the bringing of this action said taxes were on record and in the hands of the treasurer of said county, who was proceeding to collect them by sale of appellee's property; that said taxes are claimed to be due and owing for the years 1885 to 1901, both inclusive, and upon said sums of money and interest thereon had by said appellee's husband, as hereinbefore designated and described, and for none other whatever; that appellee, during the years aforesaid, believing that she was the owner of and had the title to said real estate, never listed said money for taxation, nor was it ever taxed, nor was she ever called upon by any taxing officer, or any one whomsoever, to list it, nor did she pay any taxes thereon for said years; that the money so used in the purchase of said real estate is the same money now claimed to be taxable against appellee, and said officers are claiming the right to collect taxes thereon for the years aforesaid.

The conclusions of law, in substance, are that on September 6, 1884, appellee became the owner of said real estate, and remained the owner thereof until June 15, 1901; that appellee from September 6, 1884, to June 15, 1901, was not liable for taxes on said sums of money, and that no taxes for said years are due and owing by her; that she is en-

titled to a permanent restraining order against appellants, restraining them and each of them from collecting said taxes or any part thereof. The judgment follows the conclusions of law.

Under the facts found in this case, it is perfectly clear to us that appellee was the equitable owner of the land described in the findings, and that her husband held 2. only the legal title. *Mitchell* v. *Colglazier* (1886), 106 Ind. 464; *Heberd* v. *Wines* (1886), 105 Ind. 237; *Radcliff* v. *Radford* (1884), 96 Ind. 482; *Lord* v. *Bishop* (1885), 101 Ind. 334.

As we see this case, prior to appellee's election, June 15, 1901, two remedies were open to her. The selection of one and pursuing it to judgment would exclude her right 3. to the other. She might quiet her title to the land, or have repayment of the money used in paying for the land. She could not at the same time have both the land and a claim against her husband for the money which he paid for it. No fact is found showing that the husband paid any part of the purchase price, but on the contrary, it appears that at the time the land was purchased, the cash payment was money belonging to appellee, and was paid under an agreement that the land was to belong to her, and that she was to have the deed therefor. It appears that without her knowledge or consent the deed was made to the husband. From the fact that the husband took charge of the deed and placed it with his private papers under lock, it would appear that the husband violated the agreement regarding the legal title.

A court of equity will regard that as done which 4. should have been done, and protect the wife from the violation of a fiduciary duty owing by the husband to her. 2 Pomeroy, Eq. Jurisp. (2d ed.) §1049.

From September 6, 1884, until some time in October, 1900, appellee had no actual knowledge that the agreement re-

garding the purchase of the land had not been executed. When it became time for appellee to act if she would preserve her rights, she elected to assert a claim against her husband's estate for the money she had furnished him. She thereby abandoned her right to the land, and thereafter her claim was that of a money demand against his estate.

In 1905 the auditor of Tipton county, in placing upon the tax duplicate the supposed indebtedness of the husband to the wife, as omitted personal property for the years 1885 to 1901, both inclusive, and in extending the taxes thereon against appellee, acted upon the theory that when she elected to claim the money it had the effect of creating an indebtedness in her favor for all of those years. We do not attribute that force or effect to such election, for during the years taxes are sought to be collected appellee's money was in the land, and the land belonged to her. The taxes on the land were fully paid. It therefore follows that no taxes remained unpaid on the property owned by appellee. The failure to carry out the agreement regarding the legal title to the land gave appellee the option to the remedy asserted by her on June 15, 1901. At that time, having abandoned her right to the real estate, her position thereafter was that of one having an equitable claim, enforceable only in a court of equity. It was a demand thereafter within the taxing statute, and taxable. It was the same property theretofore held in the form of land, and thereafter in the nature of a chose in action. No statute has been pointed out, and we know of none, which authorized the auditor's action in this matter. In the absence of statutory warrant, the assessment was without authority of law and void. State Board, etc., v. Holliday (1898), 150 Ind. 216, 42 L. R. A. 826; Hart v. Smith (1902), 159 Ind. 182, 58 L. R. A. 949, 95 Am. St. 280. The conclusions of law are well supported by the facts found.

Judgment affirmed.