MILLER ET AL. *v*. STATE OF INDIANA.

[No. 18,662. Filed March 18, 1955.]

*Walter G. Shorts* and *Harry S. Taylor,* of South Bend, for appellants.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

PFAFF, J.—The appellant, Richard Miller, was charged with the commission of a criminal offense and was released from custody upon the filing of a recognizance bond in the statutory form with the corporate appellant as surety thereon.

Appellant, Richard Miller, did not appear in person on the date set for trial and the court entered an order that the bond be forfeited. The Clerk was ordered to notify the surety of such forfeiture by mail. Thereafter the affidavit of the Clerk was filed to the effect that he forwarded notice, a copy of which was attached, to the surety by United States registered mail, with the proper and necessary postage thereon. Also filed was an acknowledgment of receipt of notice, signed by the president of the corporate surety.

The corporate surety did not produce the appellant Miller within ten days after such mailing and the court entered judgment that the State of Indiana recover the amount of the bond of and from both Miller and his surety.

Sec. 9-722, Burns' 1942 Replacement, makes provision for judgment against the surety without pleadings, but does not provide for the obtaining of a judgment against the principal in this manner. *Starkie et al. v. State of Indiana* (1943), 113 Ind. App. 589, 49 N. E. (2d) 968. The appellee concedes that it was improper to enter judgment against Miller but contends that Miller is

not a proper party to this appeal; that the appeal as to him is premature; that he could appeal after the criminal case is finally concluded, "or he could move to expunge said void judgment at any time thereafter and appeal from an erroneous ruling made thereon."

The appellee's contention that Miller is not a proper party to this appeal is based upon the case of *Starkie et al. v. State of Indiana, supra.* There the judgment was against the surety only, and it was held that one against whom no judgment has been or can be rendered in the proceeding should not have a right to appeal therefrom. But while no judgment could be properly rendered against the appellant Miller in this proceeding, such a judgment was actually rendered. It was final as to him. It was not held in abeyance pending the disposition of the criminal charge. Rule 2-6, Rules of the Supreme Court, provides, "In the title to the assignment of errors all parties to the judgment seeking relief by appeal shall be named as appellants . . . " Miller is a party to the judgment, is seeking relief therefrom, and is a proper party to this appeal.

Sec. 9-722, Burns' 1942 Replacement, provides that the surety may appeal to this court without moving for a new trial. While such a motion was filed in this case by both the principal and surety, it does not appear in the briefs, and no question is therefore presented concerning it. Rule 2-17, Rules of the Supreme Court; *Coleman* v. *New York, Chicago & St. Louis Railroad Co.* (1951), 121 Ind. App. 616, 101 N. E. 2d 721; *Mendenhall, Extr., etc.* v. *Lay et al.* (1953), 123 Ind. App. 486, 111 N. E. 2d 662. In any event, where there is no trial (and there was none here), a motion for a new trial is not required. Gavit, *Indiana Pleading and Practice,* Ch. 21, Sec. 451, p. 2403; Vol. 2 Watson's *Works and Practice,* Sec. 2033, p. 588.

Appellants have assigned that there was error "in rendering judgment against appellants for forfeiture of a recognizance bond." As stated in Ewbank's ■■ *Indiana Criminal Law*, 2d Edition, Sec. 282, p. 165, "A judgment declaring a recognizance forfeited is a mere interlocutory order forming part of the proceedings in the prosecution, from which no appeal will lie until after judgment on the bond." In this case final judgment has been rendered and error in connection with such interlocutory order may be presented on appeal. Appellee, however, contends that this assignment of error is too general and therefore raises no question.

A specific assignment of errors is required by Rule 2-6, Rules of the Supreme Court, which merely repeats the requirements of the 1881 statute in that respect. Acts of 1881 (Spec. Session), Ch. 38, Sec. 647, p. 240; Sec. 2-3225, Burns' 1946 Replacement. Error in other proceedings, where a motion for new trial is inappropriate, has been held to be presented by assignments of error which are not more specific than the one here. For example, it is a proper independent assignment of error that the court erred in denying appellant a temporary injunction, and all of appellant's contentions may be considered under this assignment. Flanagan, Wiltrout & Hamilton, *Indiana Trial and Appellate Practice*, Ch. 47, Sec. 2390, p. 162; *Goldsmith et al.* v. *City of Indianapolis* (1935), 208 Ind. 465, 196 N. E. 525; *Koss* v. *Continental Oil Company* (1944), 222 Ind. 224, 52 N. E. 2d 614; *State ex rel. Board of Medical Registration & Examination* v. *Henry* (1951), 229 Ind. 219, 97 N. E. 2d 487. It is a proper assignment that the court erred in refusing to grant, or in denying, a temporary injunction. *Lawless et al.* v. *Johnson et al.* (1953), 232 Ind. 64, 111 N. E. 2d 656; *State of Indiana*

*ex rel. Board of Medical Registration and Examination*
v. *Stucker* (1953), 232 Ind. 76, 111 N. E. 2d 714. Also
sufficient is an assignment that the court erred in
appointing a receiver for appellant. *Second Real Es-
tate Investments, Inc.* v. *Johann, Jr., Administrator
D.B.N. et al.* (1953), 232 Ind. 24, 111 N. E. (2d) 467.
As was stated in *Starkie et al.* v. *State of Indiana, supra,*
in the instant type of case the statute neither limits nor
prescribes the assignment of errors. In our opinion the
assignment here is sufficiently specific.

The appellant Miller was arrested and the bond given
herein on September 10, 1953, during a vacation of the
Jasper Circuit Court. The September term of that court
began on September 14, 1953. Sec. 4-332, Burns' 1946
Replacement. On September 22, 1953, the cause was
set for trial for November 30, 1953. It was continued
by agreement of the parties. On January 11, 1954, the
first day of the January term, it was set for trial for
February 24, 1954.

The statutory form of bond, Sec. 9-722, Burns' 1942
Replacement, reads, in part, as follows:

> "If A B (the prisoner) shall appear on the —
> day of ——, 19—, in the —— court, to answer a
> charge . . . , and from day to day and
> ■ from term to term thereof . . . , then this
> recognizance shall be void, else to remain
in full force."

In the preparation of the bond in this case the date
was left blank. Appellants contend that this is fatal to
any forfeiture; that the date may not be supplied by
intendment. Sec. 9-1033, Burns' 1942 Replacement,
provides:

> "No recognizance, undertaking or bond taken in
> any criminal proceeding shall be void for want of
> form or substance or for omission of any recital
> or condition, or because the same was entered into

on Sunday, nor shall the principal or surety be discharged, but the principal and surety shall be bound by such recognizance, undertaking or bond to the full extent contemplated by the law requiring the same, . . . And no action upon such recognizance, undertaking or bond shall be defeated for any want of form or substance, or for the omission of any recital or condition . . . ''

Sec. 3-2512, Burns' 1946 Replacement, contains similar provisions. See Flanagan, Wiltrout & Hamilton, *Indiana Trial and Appellate Practice*, Ch. 44, Sec. 2229, p. 62. The defendant, Richard Miller, and his surety voluntarily executed the recognizance in order to secure the release of the defendant Miller from custody, and thereby did secure such release. The omission of the date did not cause them to be misled in any way. In our opinion the recognizance was valid, and there was no error in rendering such judgment or order of forfeiture. By reason of the curative statutes, as was said by the Supreme Court in *Black et al.* v. *The State ex rel. McAllister, Prosecuting Attorney* (1877), 58 Ind. 589, "It could hardly be otherwise."

Appellants next complain of the sufficiency of the proof of the giving of notice of the judgment of forfeiture, as well as to the type of notice given. It would require extreme liberality to hold that these alleged errors are covered by the assignment of errors, which is directed to the judgment of forfeiture and not the judgment on the bond. We might say, however, that the proof of giving of the notice was in the form approved by Sec. 2-1637, Burns' 1946 Replacement, and that there is nothing in Sec. 9-722, Burns' 1942 Replacement, which requires the construction as to the type of notice for which appellants contend.

The appellant surety has presented no reversible error, and the judgment is affirmed as to it. Appellee

concedes that the judgment as to the appellant Miller was improperly rendered and is void. The judgment as to the appellant Miller is reversed.

NOTE.—Reported in 125 N. E. 2d 177.