92 So.2d 264 (1957)
William Bradford HUIE, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, Special Division A.
January 23, 1957.
*265 Arthur J. Gutman, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant Huie seeks reversal of four orders of the trial judge entered subsequent to our decision in State ex rel. Huie v. Lewis, Fla. 1955, 80 So.2d 685.
The basic point for our determination is the extent of the jurisdiction of the trial judge to order a forfeiture of the appearance bond which was filed by appellant in order to secure his release from custody pending the determination of the original habeas corpus proceeding covered by the above cited decision. Incidental questions must necessarily be discussed.
This appeal is the fourth time that this Court has been called upon to pass on some facet of the unfortunate situation that produced the problem. See Huie v. Lewis, Fla. 1954, 71 So.2d 498; McCollum v. State, Fla. 1954, 74 So.2d 74; and State ex rel. Huie v. Lewis, Fla. 1955, 80 So.2d 685.
The case last cited was a habeas corpus proceeding originating in this Court. It was instituted by Huie to test the legality of his restraint under an order of the trial judge adjudicating him to be in contempt of court. The factual situation producing the contempt order is elaborately set forth in our opinion in 80 So.2d 685. We there held that Huie was legally in custody. The writ of habeas corpus was dismissed and Huie was remanded to the custody of the Sheriff of Suwannee County. This Court finally disposed of the habeas corpus proceeding by its order denying petition for rehearing. This order was filed June 23, 1955.
As an incident to the writ of habeas corpus issued by this Court, Lewis, as Sheriff of Suwannee County, was directed to release Huie from custody pending the habeas corpus proceeding upon the filing of a bond. The exact language of our order was:
"You are further commanded that the Petitioner, William Bradford Huie, be released from custody of Respondent upon his filing with you an appearance bond in the sum of $2500.00, the *266 sufficiency of said bond to be approved by you, conditioned that he will prosecute his appeal; that he will surrender himself in execution of the judgment or sentence upon its being dismissed or in case the judgment is reversed and the cause remanded for further proceedings, that he will appear in the Court to which said cause may be remanded and submit himself to the orders and processes thereof and will not depart therefrom without leave."
Pending the habeas corpus proceeding Huie did file a bond to secure his release. The bond was conditioned as required by the order of this Court. The bond was approved by Lewis, as Sheriff, and deposited with him as a condition for the release of Huie. The surety on the bond was United States Fidelity & Guaranty Company. This bond at no time was deposited in this Court.
So far as is known, pending the habeas corpus proceeding, Huie left the State of Florida and has never returned.
The salient aspect of the contempt order pursuant to which Huie originally was placed in custody read as follows:
"Therefore, you William Bradford Huie, having been informed against by the Honorable Randall Slaughter, State Attorney in an Information charging you with contempt of Court and the Court having heard all of the testimony finds you guilty as charged in said Information, it is therefore, the judgment of the Court and the sentence of the law, that you, William Bradford Huie for your said offense of which you do now stand convicted, pay a fine of $750.00 and all costs of this Court, as taxed by the Clerk of said Court, and upon your failure to pay said fine instanter that you be confined in the County Jail of Suwannee County, Florida, for a period of six months."
In the interest of absolute accuracy, the order last quoted is stated herewith as it was corrected in minor aspects by a subsequently entered order of September 24, 1955. Immediately after the entry of our order of June 23, 1955, finally disposing of the habeas corpus proceeding in this Court, an attorney for Huie tendered to Lewis, as Sheriff of Suwannee County, the full amount of the fine and costs directed to be paid by the contempt order. The Sheriff declined the tender and demanded Huie instead. Huie, of course, was nowhere to be found. This situation thereupon set in motion the procedures which resulted in the four orders now under attack here.
On August 8, 1955, the State Attorney for Suwannee County notified the attorneys for Huie that on August 13, 1955, he would move for an order estreating the bond above described "because of his [Huie's] failure to comply with the order of the Supreme Court." On August 13, 1955, hearing was held before the Circuit Judge. Huie was represented by his counsel and United States Fidelity & Guaranty Company was represented by its counsel. Huie was called publicly but failed to respond. The surety naturally failed to produce him. Huie's lawyer again in open court tendered in cash the amount of the fine and costs. The tender was refused. The trial judge thereupon entered an order declaring that Huie had defaulted under the bond and ordered the bond forfeited. Although this order is dated August 13, 1955, it was not recorded until August 27, 1955. We refer to it hereafter as the "order for forfeiture of the bond".
Subsequently, by order dated August 27, 1955, and recorded August 29, 1955, the Circuit Judge directed the Clerk of the Court to issue a capias for the arrest of Huie and directed the Sheriff to serve the same upon Huie "at such time as such service is legally possible". We refer to this as the "capias". So far as the record informs us, the capias has never been served.
*267 On September 14, 1955, Huie, through his attorneys, moved for a remission of the forfeiture under Sections 903.29 and 903.30, Florida Statutes, F.S.A. This motion was grounded on the proposition that the fine and costs had been tendered and declined and that this constituted compliance with the requirements of the bond and the contempt order of the trial court. On the same day Huie moved to correct certain alleged errors appearing in the "order for forfeiture".
On September 24, 1955, by order recorded September 26, 1955, the trial judge denied the motion for remission of forfeiture, it being his view that the bond filed by Huie was an appearance bond, that he had failed to appear and that the bond, therefore, was forfeited. We refer to this as the "order denying remission of forfeiture". On September 26, 1955, by another order dated September 24, 1955, the trial judge in minor respects amended the "order for forfeiture" by correcting a typographical error appearing in an excerpt from the original contempt order. In the same order, however, he denied the motion to correct the "order for forfeiture" in other respects. We refer to this as the "order amending the original order for forfeiture".
The appellant Huie joined by his surety United States Fidelity & Guaranty Company which had been permitted to enter the case in due course filed a notice of appeal. By this appeal they attack each of the four orders entered during August and September, 1955, and briefly summarized above. Reversal of each and all of the orders is sought.
Appellants in summary contend: (a) tender of the fine and costs constituted compliance with the basic provisions of the contempt order; (b) having complied with the contempt order there was no default justifying the declaration of forfeiture of the bond filed in the habeas corpus proceeding; (c) the habeas corpus proceeding was an original independent action in the Supreme Court and the trial judge had no jurisdiction to declare a forfeiture of the bond which had been filed pursuant to the order of the Supreme Court; and (d) the amount of the fine and costs having been tendered, the appellant Huie was thereby relieved of the alternative jail sentence prescribed by the original contempt order. Therefore, capias for his arrest was without legal justification.
In response the State contends: (a) the original contempt order directed the payment of the fine and costs, or imprisonment for six months, and when at the outset Huie elected to go to jail for a short time in order to obtain the original writ of habeas corpus from this Court, he thereby made his election and precluded his subsequent release from prison by payment of the fine and costs; (b) the trial judge had jurisdiction to declare a forfeiture of the bail bond because when this Court entered its final order in the habeas corpus matter, jurisdiction of this Court ended and the trial judge was thereafter re-invested with the power to act; and (c) the condition of the bond in the habeas corpus matter was in substance that upon the dismissal of the writ, Huie would subject himself to the execution of the judgment or sentence prescribed under the original contempt order and that instead he departed the State and failed to appear to meet the requirements of the order.
At the outset we are immediately confronted with a question as to the jurisdiction of this Court to take cognizance of the matters raised by the appeal. Appeal is appropriate only as a means of attacking a final judgment of a lower tribunal. If the judgment is not final then appeal will not lie. An examination of the four orders assaulted by the appellant will reveal that each of them is interlocutory in nature. So far as the record presented to us is concerned, no final judgment of any nature has been entered by the trial court. As will be demonstrated later, the "order for forfeiture of the bond" was clearly interlocutory and only a step in the statutory *268 bond forfeiture procedure. Section 903.26, Florida Statutes, F.S.A. The order issuing the capias for arrest was no more than the commonly understood "bench warrant". It has no element of finality. It is analogous to the usual warrant issued by a committing magistrate. The appellant Huie has not been arrested.
This opinion is not to be construed as any adjudication of the validity of the capias nor shall it preclude any appropriate attack on the validity of Huie's arrest should he subsequently be taken into custody under it.
The orders denying the motion for remission of the forfeiture and granting in part and denying in part the motion to correct the forfeiture order are likewise obviously interlocutory in nature. The record presented to us fails to reveal any final judgment on the appearance bond. See Section 903.28, Florida Statutes, F.S.A. If such a judgment were reflected by the record, an appeal attacking the final judgment would be appropriate and all interlocutory steps in the proceeding leading up to the judgment then could be subjected to review. In the absence of such final judgment, except as hereafter mentioned, the matters raised by the appellant are not properly before this Court.
The lone exception to the last stated proposition is the question raised as to the jurisdiction of the trial judge to declare a forfeiture of the bond which was deposited with the Sheriff to secure the release of appellant Huie pending the habeas corpus proceeding. Huie and his surety take the position that the bond was filed pursuant to order of the Supreme Court and therefore could not be forfeited by order of the trial court. The point which appellant overlooks is that when the order for forfeiture was entered by the trial judge, the Supreme Court had spent its jurisdiction in the matter. Upon the entry of our order of June 23, 1955, finally disposing of the habeas corpus proceeding which originated in this Court, we thereupon re-invested the trial judge with jurisdiction of the matter. The bond in question was deposited with the Sheriff and by express order of this Court was subject to his approval. The obvious purpose of the bond was to require appellant Huie to subject himself to the execution of the judgment or sentence upon the dismissal of the writ of habeas corpus. When the writ was finally dismissed the Supreme Court thereupon terminated its jurisdiction on that particular phase of the matter. It became the responsibility of the trial judge to proceed in accordance with the final order of this Court.
In Young v. Stoutamire, 131 Fla. 535, 179 So. 797, relied upon by appellant, the habeas corpus proceeding was still pending in and undisposed of by the Supreme Court when the Circuit Judge undertook to impound the bond money that had been deposited with the Sheriff pursuant to order of the Supreme Court. We there properly held that the bond money was in custodia legis pending ultimate disposition of the cause by order of the appellate court. The Supreme Court had not finally exercised its jurisdiction when the Circuit Court undertook to act. Unlike that case, in the case at bar the Supreme Court had finally concluded its consideration of the matter long before the trial judge undertook to resume his jurisdiction.
We consider the case of Skolnik v. United States, 7 Cir., 4 F.2d 797, to be more nearly analogous. It was there held in substance that when a Circuit Court of Appeals affirmed the judgment of a District Court, it in effect sent the whole matter back to the lower court for execution of the judgment. As a part of its responsibility it was within the jurisdiction of the District Court to see that the sentence was properly executed and in default of appearance of the principal in the appeal bond, the District Court had jurisdiction to declare a forfeiture of the bond. See also, Commonwealth v. Barfod, 160 Pa.Super. 59, 50 A.2d 36; Field v. United States, 2 Cir., 193 F.2d 86; and United States v. *269 Field, 2 Cir., 193 F.2d 92. We ourselves have taken a similar position in State ex rel. Gallat v. Allen, 82 Fla. 149, 89 So. 398. In that case Gallat sought a writ of habeas corpus from a Circuit Judge. The writ issued but after hearing he was remanded to custody. He appealed to the Supreme Court and filed a supersedeas bond pending the appeal. We there concluded that upon the affirmance of the order of the Circuit Judge remanding the petitioner to custody, the writ of habeas corpus would have been fulfilled and the prisoner would no longer be held under that writ. At that point he would be remanded to the custody of the proper officer to be held under the capias or commitment order existing prior to the issuance of the writ of habeas corpus. So it was in the case before us. When the writ of habeas corpus was dismissed and the appellant Huie was remanded to custody of Sheriff Lewis, the original commitment order was restored from its temporary suspension and appellant immediately became subject to the provisions of the original contempt order.
We have reviewed this aspect of the matter because it presented a question of jurisdiction in a bond forfeiture proceeding even though the order involved was interlocutory in nature. We have done this in consonance with our opinion in State v. Powell, Fla. 1953, 66 So.2d 672. We there held that where a motion to vacate an order for forfeiture of a bond raises jurisdictional questions we would consider the alleged error on a petition for certiorari. In that case we treated notice of appeal as a petition for certiorari under Section 59.45, Florida Statutes, F.S.A. We have followed the same course in the instant case. Insofar as the so-called "motion for remission of the forfeiture" is concerned we have treated the notice of appeal as a petition for certiorari and find that the petition should be denied, there being no showing of a lack of jurisdiction on the part of the trial judge.
Under all of the circumstances we consider it unnecessary to dwell upon the merits of the contentions of the appellant in regard to the other orders of the trial judge under attack. This is so because as pointed out above the appellant has failed to present to this Court any final judgment that would be subject to review by appeal. In regard to these orders we cannot construe the notice of appeal as a petition for certiorari. Our consistent position has been that it is only in a case where it clearly appears that there has been a departure from the essential requirements of the law and in addition thereto that there is no full, adequate and complete remedy by appeal after final judgment available to the petitioner in certiorari that we will ever consider granting a writ of certiorari to review an interlocutory order in a law action. See Wolf v. Industrial Supply Corp., Fla. 1952, 62 So.2d 30. In the case before us an appeal from a final judgment would afford full, adequate and complete relief.
It appears that much of the confusion that evidently has produced the complexity of the problems presented to us is due to a failure to observe cautiously the provisions of Sections 903.26 through 903.30, Florida Statutes, F.S.A., dealing with the forfeiture of bail bonds. The order for the forfeiture under Section 903.26, Florida Statutes, F.S.A., is merely a preliminary step in the proceeding. It is not in any sense a final judgment. State v. Powell, Fla. 1953, 66 So.2d 672; Miller v. State, 1955, 125 Ind. App. 358, 125 N.E.2d 177. After it has been entered, the principal may move for a discharge from the undertaking by showing a compliance therewith. After the lapse of thirty days from the date of the declaration of the forfeiture and within one year therefrom, but pursuant thereto, the Circuit Judge having jurisdiction may then enter the final judgment on the undertaking. Section 903.28, Florida Statutes, F.S.A. It is this judgment that thereupon becomes *270 the subject of appeal. After the judgment has been entered the principal or his surety may within twenty-five days move for a remission of the forfeiture under Sections 903.29 and 903.30, Florida Statutes, F.S.A. These sections of our statutes have been most recently construed in Capitol Indemnity Insurance Co. v. State, Fla. 1956, 86 So.2d 156; and State Fire & Casualty Co. v. State, Fla. 1956, 88 So.2d 274.
By his brief appellant reflected some confusion with reference to the nature of the contempt order originally entered. At one point he appeared to feel that it was a civil proceeding. He later contended for the criminal nature of the matter. Actually it is perfectly clear that the contempt for which appellant was ordered to pay a fine or suffer a jail sentence was an indirect criminal contempt. For the distinctions see South Dade Farms, Inc., v. Peters, Fla. 1956, 88 So.2d 891; and Demetree v. State, Fla. 1956, 89 So.2d 498.
We therefore hold:
(a) The trial judge had jurisdiction to consider the matter of the alleged forfeiture of the appearance bond filed pursuant to the habeas corpus proceeding.
(b) The order issuing the capias for the arrest of the appellant Huie, the order on the motion to correct the "order for forfeiture", and the order declaring a default and directing that the bail bond be forfeited, are all interlocutory orders which cannot be reviewed on appeal.
(c) The correctness of the ruling of the trial judge in all of the matters covered by the orders last above described has not been considered and therefore is not passed upon by this opinion.
(d) The ultimate judgment hereafter stated shall be without prejudice to the right of the appellant Huie to test the legality of any subsequent restraint to which he might be subjected if he should be taken into custody under the capias issued by the trial judge. This opinion is not to be construed as any adjudication of the validity of the capias or any restraint imposed pursuant thereto.
For the reasons above announced, the appeal is dismissed, except insofar as we have treated it as a petition for certiorari under Section 59.45, Florida Statutes, F.S.A., and to that extent the petition is denied.
TERRELL, C.J., HOBSON, J., and KNOTT, Associate Justice, concur.