**George C. MICKLE, Appellant (Defendant Below),**

v.

**Mildred KIRK, Individually, Mildred Kirk d/b/a Kirk Funeral Home, Mildred Kirk, Executrix for the Estate of Ethel Rice, Deceased and All Tenants & Occupants of 535 West 25th Street, Indianapolis, IN, Appellees (Plaintiffs Below).**

**No. 49A04–8907–CV–304.**

Court of Appeals of Indiana, Fourth District.

Jan. 31, 1991.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Robert A. Claycombe, Kothe, Claycombe, Kortepeter & McPherson, Indianapolis, for appellees.

## ON PETITION FOR REHEARING

CONOVER, Judge.

We address one issue raised by Kirk in her petition for rehearing and accordingly, modify our previous opinion. In our original opinion, we awarded Mickle the value of the breezeway as an improvement and remanded the matter back to the trial court to determine its value. 558 N.E.2d 1119. In her petition for rehearing, Kirk calls to our attention the fact Mickle did not construct the breezeway improvement until after his right to possession was put in issue. In support of her position, Kirk relies on *Richwine v. The Presbyterian Church of Noblesville* (1893), 135 Ind. 80, 34 N.E. 737, for the proposition the occupying claimant may not recover for improvements made after his right to possession was put in issue. Kirk is correct and we grant rehearing to modify our original opinion.

Here, Mickle filed his Complaint for Quiet Title and Ejectment on February 20, 1985, after purchasing the property at a Marion County Department of Public Works Auction on October 10, 1984. On April 10, 1985, Kirk answered contesting the validity of Mickle's title. The court then awarded Mickle prejudgment possession of the real estate on May 21, 1985, pursuant to I.C. 32–6–1.5–5. Mickle then made repairs and constructed the breezeway improvement. In its disposition of the case the trial court found irregularities in the auditor's proceedings and on April 16, 1987, found Mickle's deed ineffective to convey title.

Thus, the breezeway improvement was constructed after Mickle's right to possession was put in issue. Therefore, Mickle is not entitled to the value of the breezeway as an improvement made under color of title.

In all other respects, the petition for rehearing is denied.

MILLER, P.J., and CHEZEM, J., concur.