Donald Wayne LARKINS,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 87A01–9302–CR–38.

Court of Appeals of Indiana,
First District.

Oct. 27, 1993.

Jack P. Rimland, Chicago, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Donald Wayne Larkins appeals from the denial of his motion to set aside the forfeiture of his bail bond. He contends that the trial court should have set aside the forfeiture because his attorney had informed the prosecutor's office that he could not attend court due to his incarceration in Kentucky. We reverse.

On March 4, 1992, the State arrested Larkins. The next day, Larkins posted a $10,000.00 cash bond to the sheriff and received an order to appear on March 27, 1992, at 9:00 a.m., for an initial hearing in the Warrick Superior Court. Larkins did not appear on March 27, 1992, after having been called three times. That same day, the trial judge ordered the bond forfeited and entered judgment accordingly.[1]

■ Larkins sought relief from this judgment. Indiana Trial Rule 60(B)(8) provides that, upon motion and upon such terms as are just, the court may relieve a party from an entry of final order or final judgment for any reason justifying relief from the operation of the judgment. Under T.R. 60(B)(8), the party which seeks relief must show that its failure to act was not merely due to an omission involving mistake, surprise, or excusable neglect. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890. Rather, some extraordinary circumstances must be affirmatively demonstrated to come within the purview of T.R. 60(B)(8). *Id.* The burden is on the movant to establish the existence of grounds for T.R. 60(B) relief, and he must also make a prima facie showing of a good and meritorious defense to the judgment. *Id.* The catalyst needed to obtain the proper relief is some admissible

evidence, which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery. Some admissible evidence must be presented to the trial court which would indicate the judgment would not remain unchanged and an injustice would be foisted upon the defaulted party if the judgment is allowed to stand. *Id.*

On April 7, 1992, Larkins filed his MOTION TO SET ASIDE BOND FORFEITURE. In that motion, Larkins alleged that he had not appeared as required by the bond because he had been incarcerated at the time in a county jail in Kentucky. He also alleged that his Kentucky attorney had notified the prosecutor's office about these events through a deputy prosecuting attorney and had informed him that Larkins would not be able to appear for the initial hearing. Larkins expressed the belief that the trial judge had received this information. Larkins claimed that the incarceration in Kentucky was justification for his non-appearance and that the bond forfeiture should be set aside.

The trial court eventually conducted a hearing on Larkins' motion. During that hearing, Larkins introduced the testimony of his Kentucky attorney, who stated that Larkins' probation had been revoked, "I believe it was March 17th or 18th" of 1992 and that "I do know that he was in the [Kentucky county jail] on the 27th and 28th days of March of this year." The Kentucky attorney had also obtained some records from the jail, and the trial court allowed them to be offered but did not admit them. The Kentucky attorney further testified that he had contacted a specific deputy prosecuting attorney, to whom the prosecutor's office had referred him, and had talked with this person, "I believe, more than once." The Kentucky attorney had advised this deputy prosecuting attorney that Larkins was incarcerated in the Ken-

---

1. A judgment declaring a recognizance forfeited is a mere interlocutory order, forming part of the proceedings in the prosecution, from which no appeal will lie until after judgment on the bond. *Miller v. State* (1955), 125 Ind.App. 358, 361, 125 N.E.2d 177, 179 (quoting Ewbank's 4, 5,

*Indiana Criminal Law*, 2d Edition, Sec. 282, p. 165). In this case, as in *Miller*, final judgment has been rendered and error in connection with such interlocutory order may be presented on appeal. *See id.*

tucky county jail and would not be able to appear for the initial hearing. The deputy prosecuting attorney had then advised the Kentucky attorney that he would inform the trial court "that that was the situation at that time." The Kentucky attorney stated he would have appeared for the hearing, "but I was not advised that I would need to appear."

Larkins also testified at the hearing. He stated that he had been taken into custody in Kentucky on March 17, 1992, and had remained incarcerated until he was able to post bond. He was then "brought up here for this appearance." The State presented no evidence.

Larkins, through counsel, then asked the trial court to set aside the State's request for bond forfeiture and to re-establish the bond at $10,000.00. The trial court set a new bond at $10,000.00, so that Larkins could be released pending the decision on the old bond. The trial court's later decision about Larkins' motion is reflected in the order book entry:

> Comes now the Court and having under advisement Defendant's Motion to Reinstate Original Bond herein, which was argued before the Court on August 28, 1992, the Court denies the motion.

■ To obtain relief, Larkins must have established a meritorious defense to the judgment; and no statute explicitly provides him with a defense.[2] Nevertheless, I.C. in the insurance area, 27–10–2–12(b)(2)(A)(ii) states that, if a defendant does not appear, the *bondsman* may avoid forfeiture if he proves within three hundred sixty-five (365) days "that the appearance of the defendant was prevented because the defendant was at the scheduled time of appearance or currently is in the custody of the United States, a state, or a political subdivision thereof." (Emphasis supplied.) Larkins, however, was not a bondsman because he was not approved,

appointed, qualified, and licensed as such. I.C. 27–10–1–4; I.C. 27–10–3–1. Nonetheless, the insurance statutes acknowledge that a defendant in Larkins' position may pledge property as security for a bail bond and obtain his own discharge from custody. I.C. 27–10–2–16(a); I.C. 27–10–3–1(a)(1). Larkins did this. Further, in a case in which a defendant had posted his own cash bail bond, our supreme court stated that, when the predecessor to I.C. 27–10–2–12, which applies to "bondsmen," was in effect, "it was mandatory for the trial court to forfeit appellant's bond absent good reason for his failure to appear." *O'Laughlin v. Barton* (1990), Ind., 549 N.E.2d 1040, 1041. Thus, we conclude that I.C. 27–10–2–12, under some circumstances, merely codifies for the bondsman defenses which equity already provides to a defendant who has posted his own bond. We further conclude that I.C. 27–10–2–12(b)(2)(A)(ii), which provides a defense to a forfeiture upon proof that the appearance was prevented because the defendant was in custody at the time scheduled for his appearance, is one such available defense.

■ A motion for relief from judgment is addressed to the equitable discretion of the trial court, and its grant or denial will be disturbed only when that discretion has been abused. *Marshall v. Bird* (1991), Ind. App., 577 N.E.2d 254, *trans. denied.* Abuse of discretion occurs when the trial court's judgment is clearly against the logic and effects of the facts and inferences which support the judgment for relief. *Mickle v. Kirk* (1990), Ind.App., 558 N.E.2d 1119, *modified on rehearing,* 565 N.E.2d 1161. A trial court must balance the alleged injustice suffered by the movant against the interests of the winning party and society in general in the finality of litigation. *Id.*

---

**2.** Indiana Code Section 35–33–8–7(d) states that the court shall immediately enter a judgment of forfeiture "unless the court finds that there was justification for the defendant's failure to appear;" but that section applies to defendants who had been admitted to bail under I.C. 35–33–8–3.1(a)(2). Larkins was admitted to bail under I.C. 35–33–8–3.1(a)(1) because he executed his bail bond with cash. The corresponding statute for Larkins' situation is I.C. 35–33–8–8, which provides nothing about "unless the court finds that there was justification for the defendant's failure to appear."

■ Larkins submitted an equitable defense: he could not have appeared at the hearing because he was incarcerated in another state. The trial court should have balanced the alleged injustice to Larkins against the interests of the State and society in general in the finality of litigation. The equities in favor of the defense are that Larkins was held through a legal process of another sovereign which, on its face, was lawful. Also, that sovereign effectively prevented Larkins from making a voluntary choice about whether to attend the hearing. Kentucky made that choice for Larkins; he did not attend the hearing because Kentucky kept him jailed. Were the court to decide that Larkins nevertheless should have appeared or risk bond forfeiture, the court might be seen to encourage disobedience against another state's authority. The opposing equities, in favor of the State and society, are that Larkins' own conduct placed him in jail and the State of Indiana had no fault in landing him there.

■ The object of bail prior to trial is to insure the presence of the accused when required, without the hardship of incarceration, before guilt has been established and while the presumption of innocence is to be given effect. *Hobbs v. Lindsey* (1959), 240 Ind. 74, 162 N.E.2d 85 (citing *United States ex rel. Rubinstein v. Mulcahy* (2d Cir.1946), 155 F.2d 1002). We question whether this purpose was advanced under these facts. Larkins, who had posted his own cash bond, had an obvious incentive to appear when required. However, under the circumstances, he could not have appeared whether he had wanted to appear or not.

■ When undisputed evidence is of such a nature as would compel reasonable men to reach a decision contrary to that of the trial court, the decision is contrary to law. *In re Meyer's Estate* (1966) 138 Ind. App. 649, 215 N.E.2d 556. Where evidence is all one way, its effect becomes a matter of law, even in favor of plaintiff to recover. *Steele v. Anderson Co.* (1956), 126 Ind. App. 445, 133 N.E.2d 896. The trier of facts cannot arbitrarily reject items of oral evidence, but even though a particular item is not expressly or directly contradicted, this does not prevent the trier from taking into consideration all of the other evidence, including circumstances and surroundings that might in any way affect weight or credibility of such evidence, and trier may disregard all evidence if considered unreasonable or inconsistent with facts and circumstances shown by other evidence. *Id.* The trial court may disregard whole or any part of evidence of witnesses not expressly contradicted, if the court considers it unreasonable or inconsistent with facts and circumstances shown by other evidence. *See Wm. P. Jungclaus Co. v. Ratti* (1918), 67 Ind.App. 84, 118 N.E. 966.

The evidence here is undisputed that Larkins was incarcerated in Kentucky during the initial hearing. Larkins and his Kentucky attorney testified to this, and the State presented no evidence to directly or expressly contradict this testimony. On appeal, the State does not argue that, when all of the evidence is considered, including circumstances and surroundings that might in any way affect weight or credibility of Larkins' evidence, the trial court justifiably disregarded Larkins' evidence as unreasonable or inconsistent with facts and circumstances shown by the other evidence. Moreover, we find no indication in the record presented that the trial court reached such a conclusion.

While Larkins may have knowingly or intentionally committed an act, the consequences of which placed him in a Kentucky jail, the record contains nothing to indicate that Larkins sought incarceration in Kentucky so he would not have to appear at the initial hearing in Indiana. Further, the undisputed evidence shows that, through counsel, Larkins attempted to contact the court and eventually informed a deputy prosecuting attorney that he would not be able to attend. The deputy prosecuting attorney, an officer of the court, stated that he would inform the court about the matter. Whether he did so or not is not clear from the record, but a court of equity will regard that as done which should have

been done. *See Cook v. Miller* (1911), 47 Ind.App. 453, 94 N.E. 783.

■ Also, in general, equity abhors a forfeiture. *See generally, Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641; *Barrett v. Dorr* (1965), 140 Ind.App 295, 212 N.E.2d 29, *trans. denied; Owens v. Waggoner* (1944), 115 Ind.App. 43, 55 N.E.2d 335. Moreover, while the State was not responsible for Larkins' failure to appear, the State has not claimed nor shown it will suffer hardship if the forfeiture were set aside. Further, the state and society have a general interest in the finality of the judgment of forfeiture but that interest is small when compared with a Larkins' interest in the forfeited $10,-000.00, cash bond. Finally, the purpose of the bond is to secure attendance and not to enrich the State.

From all of this, we conclude that Larkins' reason justified a relief from the operation of the judgment. Also, the undisputed evidence is of such a nature as compels us to reach a decision contrary to that of the trial court. The court below should not have arbitrarily rejected the oral evidence, and the evidence is "all one way" in favor of relief from forfeiture. The trial court's order is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. We therefore reverse that order as an abuse of discretion.

Judgment reversed.

NAJAM and STATON, JJ., concur.