Mary VASQUEZ, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–0206–CR–478.

Court of Appeals of Indiana.

March 5, 2003.

Thomas Shirley, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Mary Vasquez appeals the trial court's judgment that granted the State's motion to reconsider an earlier ruling that granted her petition for post-conviction relief. Specifically, Vasquez argues that the trial court was without jurisdiction to consider the State's mo-

tion to reconsider because the State was merely attempting to revive an expired appeal. Appellant's Br. p. 7. Concluding that the trial court had jurisdiction to entertain the State's motion to reconsider its earlier ruling in accordance with T.R. 60(B), we affirm the trial court's ruling that Vasquez's conviction and original sentence should be reinstated.

### FACTS

On May 3, 1999, Vasquez, who was a Mexican citizen, pled guilty to dealing in cocaine as a class B felony. Thereafter, she was sentenced to twelve years imprisonment, with two years suspended. Vasquez then filed a petition for post-conviction relief on May 24, 2001, alleging, among other things, that her trial counsel was ineffective because he failed to advise her that she could be deported because of her guilty plea. At a July 23, 2001 hearing, Vasquez testified that she was a Mexican native and not a United States citizen. It was determined that Vasquez's family, including her brothers and seven children all reside in the United States. Vasquez had attended public schools in Texas, received a Texas marriage license and had been issued an Indiana drivers license as well as a social security number. Vasquez also testified that the welfare department had lost her passport years ago.

It was revealed that the Immigration and Naturalization Service (INS) officers contacted Vasquez while she was in prison. Vasquez stated that the INS officers told her that she could be deported in light of her guilty plea to cocaine dealing. Jerry Shoup, Vasquez's trial counsel, testified that while he knew that his client had been born in Mexico, he was not aware that she was not a United States citizen at the time of his representation. Shoup acknowledged that had he been aware of that status, he would have discussed the possi-

ble consequences of her plea relating to possible deportation.

On July 31, 2001, the post-conviction court ruled that Vasquez was not a citizen of the United States and that Shoup should have specifically advised her of the deportation consequences of her guilty plea. In granting Vasquez's request for post-conviction relief, the court quoted from this court's opinion in *Williams v. State* as follows: "it constitutes ineffective assistance for an attorney to fail to advise a non-citizen defendant of the deportation consequences of a guilty plea." 641 N.E.2d 44, 49 (Ind.Ct.App.1994).

On January 10, 2002, the State filed a motion to reconsider the trial court's post-conviction relief order. In that motion, the State argued that an identical issue was presented in *Segura v. State*, 749 N.E.2d 496 (Ind.2001), which was decided one month before the post-conviction hearing took place in Vasquez's case. Specifically, the State argued that *Segura* should control the outcome of this case and directed the trial court to the following language:

> [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Id.* at 507.

Agreeing that Vasquez failed to present sufficient evidence to meet the standard announced in *Segura*, the trial court ultimately vacated its previous grant of post-conviction relief. Appellant's App. p. 20. It was further determined that the evi-

dence failed to show that the instant drug dealing conviction was the sole reason for the deportation. Noting that Vasquez had a prior felony, the trial court reasoned "this alone or . . . other factors might have subjected her to deportation." Appellant's App. p. 21. Finally, the trial court observed that Vasquez failed to prove, or even allege, that a reasonable defendant would have insisted on going to trial under the circumstances. Appellant's App. p. 21. Therefore, Vasquez's conviction and sentence for dealing in cocaine were reinstated and she now appeals.

## DISCUSSION AND DECISION

■ Vasquez argues that the conviction and sentence for cocaine dealing may not be reinstated because the trial court lacked jurisdiction to entertain the State's motion to reconsider. She urges that the trial court erroneously reinstated her conviction and sentence because the State was merely attempting to revive an expired appeal and, therefore, no legal avenue existed for the trial court to assert jurisdiction over this cause.

■ Although the State styled its request as a motion to reconsider, we note that the State was essentially claiming entitlement to relief under Indiana Trial Rule 60(B). This provision may be properly invoked after a failure to perfect an appeal "when there is some additional fact present justifying extraordinary relief which allows a trial court to invoke its equitable powers to do justice." *Sears Roebuck & Co. v. Noppert*, 705 N.E.2d 1065, 1067 (Ind.Ct.App.1999), *trans. denied.* In considering whether to grant relief under T.R. 60(B), the trial court must balance the alleged injustice suffered by the movant against the interest of the winning party and society in general in the finality of litigation. *Larkins v. State*, 622 N.E.2d 1299, 1302 (Ind.Ct.App.1993). In

accordance with T.R. 60(B)(7), the trial court may relieve a party from a judgment when "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." T.R. 60(B) requires that a request for relief under subsection (7) be brought within a "reasonable time." Additionally, a T.R. 60(B) motion "is addressed to the equitable discretion of the trial court, and its grant or denial will be disturbed only when that discretion has been abused." *Id.* An abuse of discretion will be found only when the trial court's decision is clearly against the logic and effect of the facts and circumstances of the case. *Gibson v. State*, 702 N.E.2d 707, 710 (Ind. 1998).

Turning to the circumstances here, it is apparent that post-conviction relief was granted to Vasquez solely because of our holding in *Williams*. However, just before Vasquez obtained relief, *Segura* was handed down by our supreme court whereupon the standard of review was revised for claims for post-conviction relief relating to penal consequences. In particular, the supreme court addressed a claim of ineffective assistance of counsel when the attorney failed to warn his client that deportation was a possible consequence of his guilty plea. *Segura*, 749 N.E.2d at 507. Even though *Segura* agreed with the pronouncement in *Williams* that a failure to advise of the consequences of deportation can, under some circumstances, constitute deficient performance, such a failure to advise will not afford the petitioner relief as a matter of law. Specifically, the *Segura* court observed that:

> Whether it is deficient in a given case is fact sensitive and turns on a number of factors. These presumably include the knowledge of the lawyer of the client's status as an alien, the client's familiarity with the consequences of conviction, the severity of criminal penal consequences, and the likely subsequent effects of deportation. Other factors undoubtedly will be relevant in given circumstances. *Id.* at 500.

As the State points out, our supreme court's opinion in *Segura* superseded this court's opinion in *Williams* that the trial court had relied upon when granting Vasquez's petition for post-conviction relief. Appellee's Br. p. 6. Moreover, it is apparent that neither of the parties nor the trial court was aware of the holding in *Segura* when the hearing on post-conviction relief was held.

In an effort to demonstrate that it had submitted its T.R. 60(B) motion within a reasonable time and, therefore, its failure to alert the trial court of *Segura*, amounted to excusable neglect, the State explained that it utilizes CD–ROM versions of case reporters "with periodic updates occurring monthly at best." Appellant's App. p. 25. Thus, the prosecutor was not aware of the *Segura* holding at the time of the post-conviction relief hearing. Vasquez does not challenge this assertion, and we do not find it surprising that the State was unaware of the change in the law under these circumstances. Moreover, neither party disputes that the trial court's initial decision to vacate Vasquez's conviction was premised upon a judgment that had been modified by our supreme court. Thus, we hold that the State presented proper grounds for relief pursuant to T.R. 60(B)(7) within a reasonable time, and the trial court properly invoked its equitable jurisdiction in this cause. Therefore, no error occurred when the trial court reinstated Vasquez's conviction and sentence.

Judgment affirmed.

NAJAM and RILEY, JJ., concur.