COWART, Judge.
This case involves the statutory procedure relating to the forfeiture of an appearance bail bond in a criminal case and entry of judgment against the surety on the bond.
A person accused of committing a crime can sometimes[1] secure his release from custody by posting an appearance or bail bond in which he and his surety bind themselves to pay a sum of money subject to the condition subsequent that if the accused appears in court as required the undertaking will be void. Surety insurers qualified by the state to transact business[2] are authorized to act as surety on appearance bonds and other bonds in judicial proceedings.[3] Customarily, surety insurers, by power of attorney, appoint “limited surety agents”[4] to act for them and to execute or countersign bail bonds. In addition to authorized surety companies, individuals who are residents of the state or who own real property here can act as surety for the release of an accused on bail[5] and deposit cash, government bonds and real and other property as securi *1128 ty.[6] If such an individual receives or is promised money or other thing of value for his pledge, that person is a “professional bondsman.”[7] Both limited surety agents and professional bondsmen are called “bail bondsmen”[8] and are regulated by the state,[9] as are employees of bail bondsmen, called “runners.”[10]
If the time for appearance in court is within 72 hours from the time of arrest, or if the time for appearance in court is stated on the bond, and the accused fails to appear as required, the court can declare the bail bond to be forfeited. Otherwise, the clerk of court must give the surety at least 72 hours notice, exclusive of weekends and holidays, before the time of the accused’s required appearance in order for the court to declare the bail bond forfeited for failure of the accused to appear.[11] If the bail bond is forfeited, the court must notify the surety agent and surety company in writing within 72 hours of the forfeiture.[12] Within 30 days of forfeiture, it is to be paid,[13] unless within that time it is discharged by the court for a reason provided by statute.[14] If the forfeiture is not paid or discharged within 30 days and the bond is secured other than by money and government bonds, the clerk of the circuit court is required to enter a judgment against the surety and issue execution and within 10 days[15] furnish the surety company at its home office a certified copy of the judgment. Within 45 days after such notice of judgment, the surety or bail bondsman may file a motion to set aside the judgment, which the court may at any time grant and set aside the judgment in whole or in part for reasonable cause shown.[16] If the judgment is not paid within 60 days the clerk must notify the Department of Insurance.[17] Within one year after forfeiture, the court may direct a remission for reasonable cause and should do so if it determines there was no breach of the bond or if the surety apprehends and surrenders the defendant within that year, unless the delay caused by the failure of the defendant to appear has thwarted his prosecution.[18]
In this case appellant, apparently acting as a limited surety agent for Eastern Insurance Co., a surety company, posted a bail bond to secure the appearance of an accused, William Robert Ryan, before the Circuit Court of Citrus County, Florida. Ryan failed to appear and the court declared the bond forfeited. Appellant moved to set aside the forfeiture because notice of the forfeiture was not given the surety company in writing within 72 hours after the forfeiture and appealed the denial of his motion. This court in Ryan v. State, 380 So.2d 539 (Fla. 5th DCA), review denied, 389 So.2d 1107 (FIa.1980), held that, as distinguished from the 72 hour advance notice of court appearance date, the failure of the court to give the 72 hour post-forfeiture written notice of the forfeiture to the surety agent and surety company was not a good ground for voiding the forfeiture.[19] After the supreme court denied review in Ryan, the clerk attempted to enter judgment on the forfeiture but, instead of entering judgment against the surety, Eastern Insurance Co., the clerk mistakenly en *1129 tered judgment against appellant, who was the limited surety agent of the surety company. Further, a certified copy of that judgment was not sent to the surety, Eastern Insurance Co., but to the appellant bail bondsman and to some other surety company (American Druggists Insurance Company), which latter company does not appear to have anything to do with this case. Appellant then moved to vacate and set aside the judgment on various grounds, including that the 72 hour post-forfeiture notice of the forfeiture was not given the proper surety company. The trial court denied that motion to vacate expressly on the ground that the effect of failure to give the 72 hour post-forfeiture notice in this very case was the exact point cited in Ryan v. State, and appellant brought this appeal.
Of course, the trial court is correct on the ground articulated in the order denying the motion to vacate. However, the error of the clerk in entering judgment against appellant, the limited surety agent, rather than the surety company, was not presented or argued in the prior appeal. That error of the clerk was a plain error and should be corrected. In fact, after appellant filed his motion to vacate and set aside the judgment and before the trial court entered the order which is here appealed, the clerk entered an amended judgment on the forfeiture in this case. Unfortunately, however, the clerk made a third error[20] and entered the amended judgment against American Druggists Insurance Company (the wrong surety company to which the notice of forfeiture had been erroneously sent). During the pendency of this case, Citrus County moved this court for an order directing the clerk of the Circuit Court of Citrus County to enter a second amended judgment against the correct surety company, Eastern Insurance Co. This court has no authority to enter such an order and that motion is hereby denied.
Appellant’s counsel’s reargument of the clerk’s failure to give the surety company post-forfeiture notice (the point decided against appellant in Ryan v. State), misdirected the trial court’s attention and ruling in that direction and away from the controlling point. Although not clearly presented, paragraph 5 of appellant’s motion to vacate and set aside the judgment against appellant does make the point that the judgment entered was against appellant, the agent of the surety, Eastern Insurance Company, and not against the surety. For that reason and on that ground the motion to vacate should be, and it is hereby, granted and the judgment against appellant vacated without prejudice to the clerk of the circuit court entering a proper judgment against the proper surety company upon the bond forfeiture entered by the court for failure of Ryan to appear[21] and for further proceedings thereon in accordance with the applicable statutes.
REVERSED.
COBB and SHARP, JJ., concur.

. See Art. I, § 14, Fla.Const.; Fla.R.Crim.P. 3.130(a).

. See § 627.751, Fla.Stat. (1981).

. See § 627.752, Fla.Stat. (1981).

. See § 648.25(4), Fla.Stat. (1981).

. See § 903.05, Fla.Stat. (1981).

. See §§ 903.09, 903.16, 903.17, Fla.Stat. (1981).

. See § 648.25(5), Fla.Stat. (1981).

. See § 648.25(3), Fla.Stat. (1981).

. See § 648.26(1), Fla.Stat. (1981).

. See §§ 648.25(6) and 648.26(1), Fla.Stat. (1981).

. § 903.26(1), Fla.Stat. (1981).

. § 903.26(2), Fla.Stat. (1981).

. § 903.26(2), Fla.Stat. (1981).

. See § 903.26(5), Fla.Stat. (1981).

. § 903.27(1), Fla.Stat. (1981).

. § 903.27(2), Fla.Stat. (1981).

. § 903.27(1), Fla.Stat. (1981).

. § 903.28(1), Fla.Stat. (1981).

. Allied Fidelity Insurance Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982), holds that the post-forfeiture notice is merely “a redundant courtesy extended to the surety” and that judgment may be entered on the forfeiture despite failure to give the post-forfeiture notice.

. This case could be called a comedy of errors but for the sobering fact that it involves $50,-000, several trial court hearings, two appeals and is not funny.

. It should be noted that Ryan v. State is authority for the proposition that the failure to give the post-forfeiture notice of forfeiture within 72 hours does not void the forfeiture and that reasonable notice of the forfeiture serves as the inception of the running of the 30 day period for payment or discharge and for further proceedings under the statute.