ROBERT P. SMITH, Jr., Chief Judge.
Willie Williams and others, the appellants, became sureties on appearance bonds aggregating $100,000 that were given by Barry Barnes, as principal, to secure his appearance to answer criminal charges on which Barnes was initially prosecuted by information filed in the circuit court of the second judicial circuit in Liberty County. Venue lay also in Leon County, within the same circuit, and the State discontinued its prosecution in Liberty County in order to prosecute a new information charging Barnes for related offenses in Leon. After the new information was dismissed upon the circuit court’s judgment that the statute on which the charges were predicated was unconstitutional, and this court reversed that judgment, State v. Barnes, 404 So.2d 422 (Fla. 1st DCA 1981), Barnes failed to appear as ordered before the circuit court, in Leon County, and on the State’s motion the court declared the bonds forfeited.
Chief Judge Willis’ order carefully addresses and finally rejects the sureties’ contentions that their bonds, styled and filed in the “County of Liberty,” expressed no obligation to secure Barnes’ appearance to answer the information filed in Leon County, or that they were discharged by the absence of any prior notice to them of that obligation, and that they at any rate were effectively discharged when the circuit court dismissed the information filed in Leon County-
We cannot reach these substantive issues because the order from which the appeal is taken was not final and is a nonappealable nonfinal order. Indeed, its concluding sentence is: “Appropriate documents shall be prepared to give effect to this Order, and to proceed to entry of judgment pursuant to Section 903.27, Florida Statutes, 1981.” As it does not appear that judgment has been entered as provided by section 903.27(1), nor that appellants have surely abandoned remedies available in circuit court under section 903.26(5) or 903.27(2), the appeal is DIS *309 MISSED without prejudice to appellants’ rights to appeal from a final judgment. Fla.R.App.P. 9.030(b)(1), 9.110(a), 9.130; Huie v. State, 92 So.2d 264 (Fla.1957).
SHIVERS and WIGGINTON, JJ., concur.