511 So.2d 1101 (1987)
Carl D. CHASE and Moncrief Agency Bail Bonds, Inc., Surety, Appellants,
v.
ORANGE COUNTY, Florida, Appellee.
No. 86-1912.
District Court of Appeal of Florida, Fifth District.
September 3, 1987.
*1102 James C. Weart, P.A., Orlando, for appellants.
Harry A. Stewart, Co. Atty., and Kaye Collie, Asst. Co. Atty., Orlando, for appellee.
Robert Eagan, State Atty., Ninth Judicial Circuit, and Keith Johnstone, Asst. State Atty., for the State.
ORFINGER, Judge.
Moncrief Agency Bail Bonds, Inc. appeals from an order denying its motion to set aside the bond estreature of Carl D. Chase, ordered by the trial court after Chase had failed to appear for sentencing. In its order denying Moncrief's motion for rehearing, the trial court specifically stayed entry of a judgment on the forfeiture. Perceiving a possible absence of jurisdiction, we ordered the appellant to show cause why the appeal should not be dismissed as being taken from a non-final, non-appealable order. Having considered appellant's response as well as appellee's reply thereto, we now dismiss the appeal.
In Huie v. State, 92 So.2d 264 (Fla. 1957), the court held that all steps leading up to the entry of a judgment of forfeiture of a bail bond are interlocutory in nature, thus non-appealable. On appeal from a final judgment of forfeiture, "all interlocutory steps in the proceeding leading up to the judgment would then be subject to review." 92 So.2d at 268. See also Williams v. State, 431 So.2d 308 (Fla. 1st DCA 1983).
To support jurisdiction, appellant cites several cases, but they are inapposite. In American Druggists' Insurance Co. v. State, 410 So.2d 627 (Fla. 2d DCA 1982), the court affirmed a "judgment of estreature." In Resolute Insurance Co. v. State, 290 So.2d 114 (Fla. 1st DCA 1974), the appeal was from a final judgment denying a motion to vacate bond estreatures. Similarly, in Resolute Insurance Co. v. State, 269 So.2d 770 (Fla. 3d DCA 1972), the court reviewed a "final judgment of estreature." In Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981), the bondsman appealed from an order denying a motion for remission of forfeiture pursuant to section 903.28, Florida Statutes. In that case, the bondsman paid the forfeiture. This has the same effect as a judgment. See § 903.26(7), Fla. Stat. (1985). In Weaver v. State, 370 So.2d 1236 (Fla. 2d DCA 1979), it is not clear from what order the appeal was taken.
Unfortunately, in Ryan v. State, 380 So.2d 539 (Fla. 5th DCA 1980), this court reviewed an order denying a motion to set aside a bond estreature in the absence of a final judgment of forfeiture. There is no indication in the opinion in that case or in its sequel[1] that the jurisdictional issue was raised or considered. We now conclude that we should not have exercised jurisdiction in Ryan because the order appealed from was non-final.
We dismiss the appeal without prejudice to the right of the bonding company to appeal from a final judgment.
APPEAL DISMISSED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] See Al Estes Bonding Agency v. Citrus County, 417 So.2d 1127 (Fla. 5th DCA 1982), where the court reviewed the final judgment of forfeiture entered after remand.