PER CURIAM.
The state appeals from an order of the trial court granting partial remission of a bail bond. For the following reasons, we vacate the order of remission.
The surety in this action, Classified Insurance Company, issued a bail bond for Sergio Quesada in the amount of $12,000. The bond was conditioned on Quesada’s appearing before the trial court to answer criminal charges. When Quesada failed to appear, the bond was forfeited by the criminal division of the trial court on September 19, 1985. In January, 1986, the forfeiture was estreated to the civil division. A final judgment was entered on February 27, 1986. On August 13, 1986, the surety paid the final judgment and received a satisfaction. Thirteen months later, on September 27, 1987, the surety filed a motion in the civil division seeking a remission of forfeiture on the ground that Quesada had been apprehended on March 11, 1986. The circuit court granted the motion and entered an order providing for a 70% remission of the forfeited bail bond.
The authority of the trial court to order a remission is derived from section 903.28, Florida Statutes (1985). Once a forfeiture has been reduced to judgment, however, section 903.27, Florida Statutes (1985), exclusively governs the setting aside of a judgment. Resolute Ins. Co. v. State, 289 So.2d 456 (Fla. 3d DCA 1974). In this case, the forfeiture was reduced to judgment because of the surety’s failure to pay the forfeiture within the prescribed time period. The trial court incorrectly invoked the provisions of section 903.28 on behalf of the surety where section 903.27 controlled. The trial court, therefore, erred in granting a partial remission.
Accordingly, the order of remission is vacated and the cause is remanded with directions to reinstate the final judgment.