787 So.2d 73 (2001)
DOLLY BOLDING BAIL BONDS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-718.
District Court of Appeal of Florida, Second District.
March 7, 2001.
Joseph R. Fritz of Joseph R. Fritz, P.A., Tampa, for Appellant.
Paul D. Johnston, Assistant County Attorney, Tampa, for Appellee.
BLUE, Judge.
Dolly Bolding Bail Bonds ("Dolly") contends the trial court erred when denying its motion to discharge the forfeiture of bond. Although we question that the legislature intended the result, we conclude we are compelled by the plain language of the statute relied on by Dolly to reverse.
The parties agree on the factual background. Dolly posted bond for a criminal defendant in Hillsborough County. When the defendant failed to appear for arraignment, the bond was estreated (forfeited), and Dolly was notified. Dolly located the defendant in a New Jersey jail or prison where he was incarcerated and had been incarcerated on the date of his arraignment. Subject to the payment of transportation costs, Dolly moved for discharge of the forfeiture under section 903.26(5), Florida Statutes (1999).
Section 903.26(5), as amended in 1999, provides in part that "[t]he court shall discharge a forfeiture within 60 days upon: ... (b) A determination that, at the time of the required appearance, the defendant was adjudicated insane and confined in an institution or hospital or was confined in a jail or prison." (Emphasis supplied.) The 1999 amendment, relied on by Dolly, was the substitution of "shall" for "may" in this section. See Ch. 99-303, § 5, at 3272, Laws of Fla. Thus, it appears mandatory for a trial court to discharge a forfeiture in this case.
Previously, this court reversed a trial court's discharge of a forfeiture on facts similar to this case. Pinellas Co. v. Robertson, 490 So.2d 1041 (Fla. 2d DCA 1986). In the proceeding below, the State convinced the trial judge that this court's decision in Pinellas was controlling, in part arguing that the failure to reference section 903.26 in the Pinellas opinion made forfeiture discharge a question of case law *74 rather than statutory interpretation. The same argument has been made to this court.[1]
We conclude we are bound by the plain wording of the statute. "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). We are concerned that the legislative history of this amendment offers some indication that the legislature did not intend the result required by the plain meaning of the statute. If the intent was not to discharge a forfeiture when the bonded defendant fails to appear because he or she has been jailed or imprisoned in another state, we suggest the legislature clarify the language in section 903.26.
We reverse the trial court's order denying discharge of the forfeitures in this case. The discharge of forfeiture, as conceded by Dolly at oral argument, is subject to Dolly paying the costs and expenses required to return the defendant to Hillsborough County. See § 903.27, Fla. Stat. (1999).
Reversed and remanded.
PATTERSON, C.J., and SALCINES, J., concur.
NOTES
[1] We find appealing the State's argument that our decisions are capable of "trumping" legislative enactments; however, we graciously concede that this is not the function of the judicial branch in the absence of constitutional questions.