845 So.2d 254 (2003)
AL ESTES BONDING, INC., Appellant,
v.
PINELLAS COUNTY BOARD OF COUNTY COMMISSIONERS, Appellee.
No. 2D02-2529.
District Court of Appeal of Florida, Second District.
May 7, 2003.
Rehearing denied May 23, 2003.
*255 Joseph R. Fritz of Joseph R. Fritz, P.A., Tampa, for appellant.
Susan H. Churuti, County Attorney, and Michael A. Zas, Senior Assistant County Attorney, Clearwater, for appellee.
ALTENBERND, Chief Judge.
Al Estes Bonding, Inc., appeals an order denying a motion to set aside or discharge bond estreature. We conclude that we have jurisdiction to review this order by common law certiorari and deny the petition for writ of certiorari.
In June 2001, Patrick Clark was arrested on charges of aggravated battery arising out of a domestic dispute. His bond was set at $15,000. Al Estes Bonding acted as agent for a surety to post an appearance bond for Mr. Clark, and Mr. Clark was released. Although our record is limited, it is undisputed that Mr. Clark did not appear for trial on February 19, 2002. As a result, a notice of surety bond estreature was filed pursuant to section 903.26(1)(b), Florida Statutes (2002).[1]
Al Estes Bonding immediately attempted to locate Mr. Clark. In late February, they found him in federal custody in Vermont. Our record contains no information about the pending federal charges, but the parties agree that Mr. Clark was arrested by federal authorities after February 19, 2002. Efforts to obtain the release or transfer of Mr. Clark were unsuccessful, and he apparently remains in federal custody subject to a Florida detainer.
In March, Al Estes Bonding filed a motion to discharge the bond estreature, explaining that Mr. Clark was now in federal custody and subject to detainer. A hearing was held on the motion on May 30, 2002. At the conclusion of the hearing, the trial court denied the motion. That same day, Al Estes Bonding paid the $15,000 bond pursuant to section 903.26 in order to *256 avoid the entry of a judgment against the surety under section 903.27, Florida Statutes (2002). In June 2002, the trial court entered a written order denying the motion to set aside or discharge the bond. Al Estes Bonding appealed that order to this court.
Initially, we note that the source of our jurisdiction in this case is not entirely clear.[2] Pinellas County maintains that we lack jurisdiction. In Chase v. Orange County, 511 So.2d 1101 (Fla. 5th DCA 1987), the Fifth District dismissed an appeal from an order denying a similar motion to set aside a bond estreature. The Fifth District reasoned that "all steps leading up to the entry of a judgment of forfeiture of a bail bond are interlocutory in nature" and thus nonappealable. Id. at 1102. We are troubled by this reasoning because if the surety pays its money to the clerk of court pursuant to section 903.26, no final judgment will be entered under section 903.27. In Chase, the bail bondsman had not paid the forfeiture and the Fifth District at least hinted that it would have permitted review if the money had been paid because the payment "has the same effect as a judgment." Id. Because of these circumstances, we conclude that Chase is not controlling in this case. See also Schmidt v. Osceola County, 517 So.2d 79 (Fla. 5th DCA 1987) (relying on Chase to hold order denying motion to set aside bond estreature was nonfinal nonappealable); cf. Accredited Sur. & Cas. Co. v. Hagman, 467 So.2d 1065, 1066 (Fla. 4th DCA 1985) (holding order denying remission was appealable final order and noting that court had dismissed prior "appeal" of motion to vacate estreature without prejudice to filing motion for remission).
Although, as Chase noted, section 903.26(7) provides that "the payment by a surety of a forfeiture under the provisions of this law shall have the same effect on the bond as payment of a judgment," this section does not state that payment is equivalent to the entry of a judgment. It does not transform an order denying a motion to set aside forfeiture into a final order.
This court has permitted an appeal from a final order that set aside an estreature, see Hillsborough County v. Roche Sur. & Cas. Co., 805 So.2d 937 (Fla. 2d DCA 2001), but that does not require this court to review an order denying such a motion. This court has also reviewed by direct appeal a case that seems on jurisdictional grounds to be indistinguishable from this case. See Dolly Bolding Bail Bonds v. State, 787 So.2d 73 (Fla. 2d DCA 2001). It does not appear that anyone raised a jurisdictional issue in Dolly Bolding.
In theory, a bail bondsman could refuse to pay the forfeiture and force judgment to be entered against the surety. We are hesitant to require such action as a prerequisite for appellate review because a judgment against the surety can have other consequences for the bail bondsman. See § 903.27, Fla. Stat. (2002). Accordingly, we conclude that an order denying a motion to set aside an estreature under section 903.26 may be reviewed by certiorari if the bond has been paid; the bail bondsman is not forced to allow the issue to go to judgment against the surety under section 903.27 prior to seeking review. Cf. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995) (holding certiorari review is appropriate where order departs from essential requirements of law, causing material injury to petitioner and effectively leaving no adequate remedy on appeal).
*257 Having determined that we can review this matter, we further conclude that the trial court properly denied the motion. There is no question that the appearance bond was breached when Mr. Clark failed to appear. Although bail bonds have a long common law history, the grounds for discharge are now purely statutory. See § 903.26(6). None of those grounds apply here. It may be that Mr. Clark is now in custody and no longer on the lam, but the bail bondsman cannot produce Mr. Clark to appear in state court. It is undisputed in this case that the federal government has no obligation to release Mr. Clark to the state authorities, much less to Al Estes Bonding. This circumstance is not a statutory basis for discharge. Thus, the trial court did not depart from the essential requirements of the law, and we deny this petition for writ of certiorari. Any relief that the bail bondsmen may be entitled to in this situation must come from the legislature.
Upon review of this order as a petition for writ of certiorari, we deny the petition.
FULMER and CASANUEVA, JJ., Concur.
NOTES
[1] The statute actually uses the term "forfeiture" in this context. See § 903.26(1), Fla. Stat. (2002). The common law referred to "estreature" of a bond. See, e.g., Ex Parte Peacock, 25 Fla. 478, 6 So. 473, 475 (1889). Since the statutory codification of this process, it has become common to use the terms "forfeit" and "estreat" interchangeably when referring to criminal appearance bonds. See, e.g., Dolly Bolding Bail Bonds v. State, 787 So.2d 73, 73 (Fla. 2d DCA 2001); Bush v. Int'l Fid. Ins. Co., 834 So.2d 212, 213, 215 (Fla. 4th DCA 2002).
[2] We note that Florida is not the only jurisdiction that has struggled with this jurisdictional issue. See E.H. Schopler, Annotation, Appealability of Order Relating to Forfeiture of Bail, 78 A.L.R.2d 1180 (1961).