913 So.2d 88 (2005)
MIKE SNAPP BAIL BONDS, Appellant,
v.
ORANGE COUNTY, Florida, et al., Appellees.
No. 5D04-4163.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
*89 James C. Dauksch, III, Orlando, for Appellant.
No Appearance for Appellee.
SHARP, W., J.
Michael Snapp Bonding Agency, Inc. (Snapp) appeals from the circuit court's denial of its motion to set aside a forfeiture judgment entered by the Clerk of Court in Orange County, Florida. At the hearing on the motion below, the state attorney representing Orange County stipulated that all of the conditions set forth in section 903.26(5) and (8) had occurred. However, he asserted that because paper work (a receipt or letter, etc.) had not been placed in the file acknowledging costs of transportation paid by Snapp, the Clerk of Court acted properly in failing to discharge the bond, and in entering a forfeiture judgment against Snapp. We reverse.
Section 903.26(5)(c), Florida Statutes, provides:
The court shall discharge a forfeiture within 60 days upon:
(c) Surrender or arrest of the defendant if the delay has not thwarted the proper prosecution of the defendant. If the forfeiture has been before discharge, the court shall direct remission of the forfeiture. The court shall condition a discharge or remission on the payment of costs and the expenses incurred by an official in returning the defendant to the jurisdiction of the court.
Section 903.26(8) provides:

If a defendant is arrested and returned to the county of jurisdiction of the court prior to judgment, the clerk, upon affirmation by the sheriff or the correctional officer, shall, without further order of the court, discharge the forfeiture of the bond. However, if the surety agent fails to pay the costs and expenses incurred in returning the defendant to the county of jurisdiction, the clerk shall not discharge the forfeiture of the bond .... (emphasis added)
*90 The record in this case is not in dispute. Snapp posted a $10,000 bond for Jason Booher on February 25, 2004, in Orange County, Florida, in connection with a criminal prosecution. Booher failed to appear for trial on July 20, 2004. The trial court forfeited the bond and issued a capias for Booher.
On July 21, 2004, the Clerk of Court mailed a notice of forfeiture to Snapp, which Snapp received the following day. An employee of Snapp's, Russell Girgenti, located Booher in Seminole County, a county which is adjacent to Orange County. He alerted the Seminole County Sheriff's Department as to Booher's location and was present when Seminole County police officers arrested Booher.
The arrest took place on August 3, 2004, thirteen days after the Clerk issued the forfeiture notice.
Girgenti testified, and the State Attorney conceded at the hearing below, that Snapp issued a check to the Orange County Sheriff for $37.50 to cover the cost of transporting Booher to Orange County, and that the check was delivered and paid to the Sheriff "timely," pursuant to the requirements of section 903.26. Girgenti testified this was accomplished on August 24, 2004, although it could have been as much as a week later, on August 31, 2004.
At the hearing, Snapp produced a copy of a letter from the Orange County Sheriff acknowledging receipt of the $37.50 cost payment dated August 23, 2004. For some unexplained reason, this document was not in the Clerk's file.
Girgenti testified he delivered the letter from the Orange County Sheriff acknowledging payment of Booher's transportation costs to the Orange County Clerk's office on the same day he delivered the check to the Sheriff. However, he did not get a receipt or photocopy of the letter stamped in, as filed from the Clerk. The Orange County Clerk had just initiated a requirement that a bondsman pay $1.00 for a photocopy of the cost letter and Girgenti, not having had any problems with this procedure before, did not obtain a copy. He also testified the Sheriff's office did not give receipts to bondsmen.
On September 30, 2004, Booher was returned to Orange County and booked into the Orange County jail. His transport to Orange County from Seminole County had been delayed because Seminole County needed to process new charges it brought against Booher, after his arrest in that county. However, the State Attorney stipulated at the hearing that this minimal time delay did not in any way hinder or impede Orange County's prosecution of Booher on the charge for which Snapp had posted the bond.
The Clerk of Court did not discharge the bond. On September 30, 2004, the Clerk entered a judgment of forfeiture against Snapp.
On October 11, 2004, Snapp filed a motion to set aside the forfeiture judgment, arguing that the judgment had been entered by the Clerk by mistake or error. The State Attorney argued, in return, that section 903.26 had not been complied with because Snapp failed to file a Sheriff's receipt with the clerk, and thus evidence of payment of the transport cost was absent from the file. He also argued that because the forfeiture judgment had been rendered, Snapp could only seek a remedy under section 903.27(5). That section provides:
(5) After notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bond agent may within 35 days file a motion to set aside the judgment or to stay the judgment. It shall be a condition of any such motion and of any order to stay the judgment *91 that the surety pay the amount of the judgment to the clerk, which amount shall be held in escrow until such time as the court has disposed of the motion to set aside the judgment .... (emphasis added)
However, that remedy was not available to Snapp, at that point in time, because it had not paid the forfeiture judgment.
On October 28, 2004, Snapp paid the judgment and interest and sought a rehearing. If section 903.27(5) is applicable to this case, which we question, payment was within the required 35-day period to obtain timely relief. The circuit court denied relief, saying it was doing so for the reasons stated on the record at the first hearing. The transcript of that hearing discloses the circuit court made its initial ruling because: 1) the bonding company did not obtain a receipt; 2) the bonding company did not file something in the clerk's file to indicate the bonding company paid the cost of transport money and it did not obtain a transportation order from a judge; and 3) the judge did not find that the costs were paid, "that the transaction occurred as represented."
Our first problem in dealing with this case is jurisdictional. As this court and others have noted, appeals dealing with bond forfeitures have been met with jurisdictional problems because the appellate courts have ruled that orders denying motions to set aside a bond forfeiture are interlocutory or non-final.[1] However, if a bonding company pays a judgment of forfeiture or has a judgment rendered against it, those are considered final appealable actions.[2]
Once a final appealable order or judgment has been rendered, the bonding company may address on appeal all of the intermediate steps below that culminated in the final judgment or order.[3] Thus, we have jurisdiction to review the first step that occurred in this case.
The first step was taken when the clerk entered a forfeiture judgment against Snapp, or failed to direct remission of the forfeiture. Pursuant to section 903.26(5)(c), if the judgment was rendered hours or minutes before Booher was returned to Orange County, Snapp was entitled to have the court direct remission of the forfeiture. Well within the 60-day period mandated by section 903.26(5)(c), Booher had been returned to the jurisdiction of Orange County, the costs of his transport had been paid by the bonding company, and the slight delay in his return had not thwarted his proper prosecution. These facts were stipulated to by the State Attorney, and they are binding on the County. See Dunscombe v. Smith, 139 Fla. 497, 190 So. 796 (1939)(counsel's stipulation binding on parties); Lockheed Space Operations v. Pham, 600 So.2d 1261, 1263 (Fla. 1st DCA 1992); Curr v. Helene Transportation Corp., 287 So.2d 695, 697 (Fla. 3d DCA 1973).
Although it is unclear which provision of the statute is controlling in this case section 903.26(5)(c) or 903.26(8)Snapp *92 was entitled to relief under either one. Subsection (8) is designed for the situation in which a defendant is arrested and returned to the county of jurisdiction of the court before the judgment of forfeiture is rendered. It is unclear in this case, as noted above, whether the judgment occurred before, or after Booher's return to Orange County. If he was returned before the judgment, then under subsection (8), the clerk should have, without further order of the court, discharged forfeiture of the bond. All conditions of that subsection had also been met: payment of costs; arrest and return of the defendant.
The circuit court failed to grant relief to Snapp for reasons not encompassed in the statutes. Forfeitures are not favored by the courts of this state.[4] They require that all mandates of the forfeiture statutes be met meticulously.[5] Nor do the courts permit additional conditions or provisions to be added onto the statutes by court rulings or local rules.[6] In this case, the circuit court's ruling that an additional condition of section 903.26, that the bonding company must have obtained a written receipt or filed certain paper work with the Clerk in order to obtain relief mandated by that statute, is contrary to law and cannot be sustained.
The result follows that the forfeiture judgment rendered below was void and contrary to law.[7] If a clerk acts prematurely, the judgment entered is not merely voidable.[8] Failure to have granted relief specified by section 903.26 to the bonding company caused it to have to pay the forfeited bond under section 903.27, to avoid dire consequences to its business operations.[9] Had the circuit court denied relief initially because Snapp failed to pay the judgment, it should have granted a proper remedy on rehearing when Snapp timely paid the forfeited bond within the 35 days specified by section 903.27.[10]
At this point, Snapp has been required to pay a void judgment in order to obtain appellate relief, and has suffered the loss of capital and incurred the costs of an appeal. Orange County failed to appear and offer a brief in this case, implicitly *93 acknowledging the validity of this appeal. Although we cannot order Orange County to pay Snapp's attorney fees and costs of this appeal, we direct on remand that the funds paid by Snapp in connection with the Booher bond be immediately returned to Snapp, with interest at the legal rate.
REVERSED and REMANDED with directions.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] See Huie v. State, 92 So.2d 264 (Fla.1957); Al Estes Bonding, Inc. v. Pinellas County Board of County Commissioners, 845 So.2d 254 (Fla. 2d DCA 2003); Schmidt v. Osceola County, 517 So.2d 79 (Fla. 5th DCA 1987); Chase v. Orange County, 511 So.2d 1101 (Fla. 5th DCA 1987); Williams v. State, 431 So.2d 308 (Fla. 1st DCA 1983).
[2] See Huie v. State, 92 So.2d 264 (Fla.1957).
[3] See § 903.26(7), Fla. Stat. ("The payment by a surety of a forfeiture under the provisions of this law shall have the same effect on the bond as payment of a judgment.") Huie v. State, 92 So.2d 264 (Fla.1957); Chase v. Orange County, 511 So.2d 1101 (Fla. 5th DCA 1987).
[4] Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981); Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980).
[5] Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980).
[6] See Easy Bail Bonds v. Polk County, 784 So.2d 1173 (Fla. 2d DCA 2001).
[7] Estate of Maltie v. State, 404 So.2d 384 (Fla. 4th DCA 1981); Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980).
[8] Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980).
[9] See Al Estes Bonding, Inc. v. Pinellas County Board of County Commissioners, 845 So.2d 254 (Fla. 2d DCA 2003).
[10] Florida Rule of Civil Procedure 1.530 authorizes motions for rehearing directed to final summary judgments or final judgments. There is no provision in the rules authorizing the filing of a motion for rehearing of a non-final order. See Caufield v. Cantele, 837 So.2d 371, 376 n. 3 (Fla.2002); Wagner v. Bieley, Wagner & Assoc., Inc., 263 So.2d 1 (Fla.1972); Deal v. Deal, 783 So.2d 319, 321 (Fla. 5th DCA 2001); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1390 n. 6 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla.1986); Padovano, Florida Civil Practice § 22.9 (2004-2005 ed.); Berman, Florida Civil Procedure, § 530.3[4] (2004 ed.). However, a trial judge has judicial power to correct an erroneous interlocutory order and may entertain a § 22.9 (2004-2005 ed.). Trawick provides a solution to this apparent conflict by suggesting that a motion for rehearing directed to an interlocutory order is incorrectly designated and actually constitutes a motion for reconsideration. See Trawick, Trawick's Florida Practice and Procedure, § 15-4 (2005 ed.). See also Francisco, 486 So.2d at 1388 n. 2.