PER CURIAM.
 

 American Bankers Insurance Company of Florida (“ABIC”), the surety on a bail bond, appeals a final “Bond Forfeiture Judgment.” We agree with ABIC that the trial court erred in entering the forfeiture when the court had earlier reinstated the defendant’s bond without ABIC’s consent.
 
 See
 
 § 903.31(2), Fla. Stat. (2008) (stating that if an original appearance bond has been forfeited or revoked, the bond “shall not be reinstated without approval from the surety on the original bond”);
 
 see also, Mike Snapp Bail Bonds v. Orange County,
 
 913 So.2d 88, 92 (Fla. 5th DCA 2005) (noting that forfeitures are not favored in the courts of this state and that “all mandates of the forfeiture statutes [must] be met meticulously”).
 
 [1]
 
 Accordingly, we reverse the forfeiture judgment and remand with directions that the forfeiture be set aside and the surety discharged.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 LAWSON, EVANDER and JACOBUS, JJ., concur.
 

 [1]
 

 . We also note that when ABIC raised this issue below, the Osceola County Clerk filed a response indicating that it did not object to the surety's motion to set aside the forfeiture and discharge the surety. In addition, the Clerk did not appear in this appeal. As in
 
 Mike Snapp Bail Bonds,
 
 we view this as an implicit acknowledgment of the validity of this appeal.