CASANUEVA, Judge.
Appellant Singh Bail Bonds, a bail bonding company or bail bondsman (“Singh”) and as the qualified agent for the surety, coappellant Sun Surety Insurance Co. (“Sun”), posted a substantial amount in appearance bonds for a defendant who failed to appear. As a result, the trial court ordered the bonds estreated or forfeited and the appellee, Dwight Brock, in his capacity as Clerk of the Court, entered *961 an amended bond forfeiture judgment for $350,000 that Singh and Sun appeal. Singh and Sun also argue that the trial court erred in denying their motion to set aside the forfeiture. For the reasons set forth below, we deny Singh and Sun’s request for relief and affirm the amended bond forfeiture judgment. After an unnecessarily extended period, the payment has finally come due and must now be made.
BACKGROUND
This forfeiture case arose as a proceeding ancillary to State v. Oscar Zabala,[1] a criminal prosecution in which the State charged Mr. Zabala, an Argentinean citizen, with fourteen criminal offenses. The court ordered that if Mr. Zabala wished to be released during the pendency of the prosecution, he must, post appearance bonds of $50,000 per count and surrender his passport to the clerk of court or to the sheriff. Singh, holding the required power of attorney from Sun, posted $350,000 worth of bonds,[2] but Mr. Zabala never surrendered his passport.[3] After Mr. Za-bala’s motion to suppress was denied, he did not present himself -for the next court hearing and has not been seen or heard from since.[4] Based on Mr. Zabala’s failure to appear as required, the trial court declared the bonds forfeited. Clerk Brock timely gave to Singh and Sun the statutorily required notice of bond forfeiture on October 29, 2009. See § 903.26(2)(a), Fla. Stat. (2009). Singh and Sun then timely filed a motion to set aside the forfeiture. See § 903.27(5) (allowing the surety or the bail bond agent thirty-five days to seek relief from the forfeiture). Section 903.26(2)(a) also requires that the forfeiture be paid within sixty days from the date the notice was mailed. Clerk Brock did not receive the $350,000 from either Singh or Sun within the sixty days, so he entered a bond forfeiture judgment against them, erroneously listing all fourteen bonds instead of the seven assured by Sun and an amount due of $750,000.[5]
*962 After the hearing was held on Singh and Sun’s motion to set aside the forfeiture, but before the trial court rendered its decision on the motion, Clerk Brock filed the amended bond forfeiture judgment which corrected the errors in the Clerk’s initial bond forfeiture judgment.[6] When Singh and Sun were informed of the trial court’s decision to deny their motion to set aside the forfeiture, they timely filed a notice of appeal from Clerk Brock’s amended bond forfeiture judgment.
JURISDICTION
Based on the following language of section 903.27(1), the amended bond forfeiture judgment, entered under Clerk Brock’s authority as Clerk of the Court, is a final appealable order:
If the forfeiture is not paid or discharged by order of a court of competent jurisdiction within 60 days ..., the clerk of the circuit court for the county where the order was made shall enter a judgment against the surety for the amount of the penalty and issue execution.
(Emphasis added.)[7] Cf Al Estes Bonding Co. v. Pinellas Cnty. Bd. of Cnty. Comm’rs, 845 So.2d 254, 256 (Fla. 2d DCA 2003) (holding that review of the trial court’s denial of the bail bondsman’s motion to set aside the forfeiture would be by certiorari and would allow the matter to be adjudicated before entry of judgment against the surety).
ANALYSIS
Section 903.27 sets forth a precondition to seeking to discharge or to set aside a bond forfeiture:
(5) After notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bond agent may within 35 days file a motion to set aside the judgment or to stay the judgment. It shall be a condition of any such motion and of any order to stay the judgment that the surety pay the amount of the judgment to the clerk, which amount shall be held in escrow until such time as the court has disposed of the motion to set aside the judgment. The filing of such a motion, when accompanied by the required escrow deposit, shall act as an automatic stay of further proceedings, including execution, until the motion has been heard and a decision rendered by the court.
(Emphasis added.)
When Singh and Sun received Clerk Brock’s notice that the bonds had been forfeited upon Mr. Zabala’s failure to appear, they timely exercised their rights under this statute to seek relief by filing a motion to set aside the forfeiture. This *963 worked as a stay upon further proceedings until the court disposed of their motion if their motion was accompanied by the “required escrow deposit” as this subsection indicates, in this case $350,000. Unfortunately, neither Singh nor Sun have ever fulfilled this precondition because neither paid the $350,000 due to Clerk Brock to be held in escrow pending disposition of their motion to set aside the bond forfeiture. Of equal importance in obtaining relief from a bond forfeiture is the requirement that there be no breach of the bond. And “failure to pay the forfeiture constitutes a breach of the bond.” Hillsborough Cnty. v. Roche Sur. & Cas. Co., 805 So.2d 937, 939 (Fla. 2d DCA 2001) (citing Cnty. of Volusia v. Audet, 682 So.2d 687 (Fla. 5th DCA 1996)). Without paying the $350,000 neither Singh nor Sun had the right to pursue relief.
Because Singh and Sun moved to set aside the forfeiture, thus staying further proceedings until their motion was resolved, it is problematic whether Clerk Brock should have entered the amended bond judgment. However, because the amendment only clarified which of Singh and Sun’s bonds were at issue and how much was truly owed, it is understandable why Clerk Brock entered the amended order. The same bonds at issue had already been declared forfeited and the amended judgment did nothing more except correct scrivener’s errors. Moreover, because the $350,000 had not been paid to be held in escrow by Clerk Brock, the trial court — rather than further delaying finality by setting a hearing — could have dismissed the motion to set aside the forfeiture until the amount of the forfeited bonds had been timely paid. But the irregularity of these proceedings subsequent to the motion to set aside the forfeiture have been rendered moot because the trial court heard the motion on its merits and, upon substantial, competent evidence, denied the motion to set aside the forfeiture.[8] Therefore, the end result is the same: no grounds existed to merit setting aside the forfeiture and the amended bond forfeiture judgment resumed its full force and effect.
CONCLUSION
We affirm the amended bond forfeiture judgment. This long overdue bill has come due.[9]
WALLACE and CRENSHAW, JJ., Concur.

. Uniform Case No. 112007CF002787AXXXXX.

. Singh, on behalf of Sun, originally posted bonds on all fourteen counts but those bonds were later discharged and Singh, again on behalf of Sun, posted bonds covering only seven of the fourteen counts at $50,000 per count, i.e., $350,000 worth of bonds. Singh, on behalf of a different surety, posted a similar amount for the remaining seven counts and are parties to a separate, related, and pending appeal.

. Although the court required Mr. Zabala to surrender his passport to the trial court, the clerk of court, or the sheriff, it is not necessary for this court to determine whether the failure to actually receive from Mr. Zabala his passport should be ascribed — as Singh and Sun argue — to the trial court, the clerk of court, or the sheriff who released Mr. Zabala from jail. It was Singh’s obligation under section 903.045, Florida Statutes (2009), to ensure that Mr. Zabala was present for all court appearances. And concomitant with this obligation is the responsibility to take all necessary measures to prevent any potential nonappearance.

. Singh did discover that Mr. Zabala was at his son’s home in Argentina but was unable to convince either the authorities in Argentina to arrest him or in this country to extradite him. These circumstances do not constitute a successful defense to the forfeiture of the bonds as Singh and Sun argue. See, e.g., Al Estes Bonding Co. v. Pinellas Cnty. Bd. of Cnty. Comm'rs, 845 So.2d 254, 257 (Fla. 2d DCA 2003) (determining that the federal government’s denial of the bail bondsman’s request to release the defendant, whom it was holding in custody in Vermont, to him or to the State of Florida was not a basis to remit the bond forfeiture).

. Early in the proceedings, Mr. Zabala had successfully moved to have his bond amount reduced from $750,000 to $700,000, which may explain the origin of the former figure in this initial bond forfeiture judgment.

. The amended bond judgment correctly named only the seven bonds posted by Singh and Sun and the correct amount due as $350,000. Unfortunately, and apparently in order to keep his records straight, Clerk Brock also filed a satisfaction of the previous and erroneously calculated bond judgment and an amended notice of forfeiture. These documents furnish the basis for Singh and Sun to argue here that the clock started ticking anew on their statutory rights. We reject this argument because the amended bond forfeiture judgment merely corrected calculation errors and deleted the seven bonds that had been assured by the other surety.

. "While case law does not require the traditional language 'for which let execution issue,' see Friedman v. Friedman, 825 So.2d 1010 (Fla. 4th DCA 2002), as a practical matter, including the same will eliminate any issue in ... regard [to applying] for a writ of execution....” Willis v. Red Reef, Inc., 921 So.2d 681, 684-85 (Fla. 4th DCA 2006). By the means of section 903.27(1), the legislature has endowed the clerks of court with the authority to enter final, executable judgments in bond forfeiture cases.

. Although we have not discussed in this opinion all the grounds upon which Singh and Sun have argued for reversal, we have found no merit in any of them.

. This case has had a long and difficult course. We note that Singh and Sun should have paid the forfeited amount within thirty days of October 29, 2009, the date Clerk Brock notified them of the forfeiture, because they wished to — and did — file the motion to set aside the forfeiture. By failing to pay the forfeiture as a precondition to seeking further relief from the trial court, Singh and Sun thus deprived Clerk Brock of the benefit of that amount per the statutory scheme as he was entitled. This deprivation was further compounded during appellate proceedings because of Singh and Sun’s counsel’s failure to follow appellate rules correctly and by being dilatory in filing the initial brief. Their counsel also filed an initial brief electronically but a different brief in hard copy (paper original) and neglected to serve Clerk Brock with either until ordered to do so by this court.