EMAS, J.,
dissenting.
I do not take issue with the fact that the clerk made a mistake in failing to discharge the forfeiture and in entering a final judgment of forfeiture. Nor do I take issue with the fact that, ultimately and on the merits, Appellants are entitled to have the judgment vacated. However, these are not the issues before this Court. The singular issue before this Court is simply this: Whether Appellants were required to comply with the mandatory provisions of section 903.27(5) before obtaining the relief sought in the trial court.[4] To me, the answer is as clear and unequivocal as the language of the statute itself, and for that reason I must respectfully dissent from the majority’s opinion.
Section 903.27(5), Florida Statutes (2009), provides:
After notice of judgment against the surety given by the clerk of the circuit court, the surety or bail bond agent may within 35 days file a motion to set aside the judgment or to stay the judgment. It shall be a condition of any such motion and of any order to stay the judgment that the surety pay the amount of the judgment to the clerk, which amount shall be held in escrow until such time as the court has disposed of the motion to set aside the judgment. The filing of such a motion, when accompanied by the required escrow deposit, shall act as an automatic stay of further proceedings, including execution, until the motion has been heard and a decision rendered by the court.
(Emphasis added).
This Court has held that “[o]nce a forfeiture has been reduced to judgment ... section 903.27, Florida Statutes (1985), exclusively governs the setting aside of a judgment.” State for Use & Benefit of Metro. Dade Cnty. v. Quesada, 529 So.2d 792, 793 (Fla. 3d DCA 1988) (citing Resolute Ins. Co. v. State, 289 So.2d 456 (Fla. 3d DCA 1974)). Appellants acknowledged as much, citing section 903.27 in their motion filed in the circuit court. While doing so, however, they failed to comply with a requisite condition of that statute. The majority’s conclusion that the judgment in this case is “void” is beside the point. The *1221 statutory language of section 908.27(5) is plain, unequivocal and mandatory: Any motion seeking to set aside a judgment under this section (even a void judgment), and any order to stay such judgment, requires that it “shall be a condition” that the surety “pay the amount of the judgment to the clerk, which amount shall be held in escrow until such time as the court has disposed of the motion to set aside the judgment.” § 903.27(5), Fla. Stat.
Therefore, whether the gravamen of the motion to vacate is that the judgment is void, voidable, or otherwise subject to vacation, the statutory condition of payment of the amount of the judgment must be met before the circuit court has the authority to consider the merits of the motion.[5]
The majority has, in effect, construed this mandatory language as inapplicable to a void judgment. The statute, however, provides no such exception, and the majority’s insertion of one renders the statute unworkable, as it puts the proverbial cart before the horse: for example, until the circuit judge decides whether a judgment is “void” (as opposed to “voidable”), a surety would act at its own peril filing a motion under section 903.27(5) without placing in escrow with the clerk the amount of the judgment. If no payment of the judgment accompanies the filing of the motion, and the circuit court determines the judgment is not void, then the surety has violated the mandatory language of the statute and the court may not consider the remaining merits of the motion.[6] The majority’s holding likely would require the trial court to bifurcate the motion to vacate, first deciding whether the underlying judgment is “void” (and thereby requiring no payment of the judgment at the time the motion is filed) or “voidable” (and thereby requiring payment of the judgment, subjecting the motion to being stricken or dismissed for failure to comply with section 903.27(5)). The statute makes no such distinction, and engrafting one violates a fundamental canon of statutory construction: “When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005).
The majority’s reliance on Mike Snapp Bail Bonds v. Orange County, 913 So.2d 88 (Fla. 5th DCA 2005), is misplaced. In Mike Snapp, the surety initially filed a motion to set aside a forfeiture (pursuant to sections 903.26 and 903.28), not a motion to vacate a final judgment. The surety contended that the forfeiture (as in this case) was improperly entered by the clerk. The trial court denied the motion to set aside the forfeiture, and the surety then filed a motion to set aside the final judgment, pursuant to section 903.27. Significantly, the surety, at the time it filed the motion, paid the amount of the judgment into the court as required under section *1222 903.27(5). Thus, the surety in Mike Snapp complied with the very same statutory requirement from which appellants claim (and the majority agrees) they are exempt. Ultimately, the Fifth District held that the trial court erred in failing to grant relief once the surety had satisfied this requirement: “Had the circuit court denied relief initially because Snapp failed to pay the judgment, it should have granted a proper remedy on rehearing when Snapp timely paid the forfeited bond within the 35 days specified by section 903.27.” Id. at 92. Had Appellants complied with the statutory procedure like the surety in Mike Snapp, they would, like the surety in Mike Snapp, be entitled to relief.[7] Their failure to do so, however, is fatal to their appeal.
I would affirm the trial court’s order denying relief.

. The majority points out that the clerk conceded that ultimately, Appellants would be entitled to a vacation of the judgment. This is beside the point. The issue presented is one of statutory construction, which we review de novo, and the ultimate merits of the underlying motion are not pertinent here. However, because this issue was raised in the majority opinion, it should also be pointed out that appellee made it clear that this case was being litigated not in bad faith but out of concern for the unintended consequences of agreeing that a surety could seek vacation of a judgment under section 903.27(5) without complying with the mandatory provisions of that statute.

. Appellee contends that the requirement of payment of the judgment is jurisdictional in nature, analogizing it to a time limitation within which to file a motion to vacate a final judgment. I do not believe it necessary to reach this question.

. Moreover, the plain language of section 903.27(5) requires payment of the judgment not only as a condition of the filing of the motion, but as a condition of “any order to stay the judgment." (Emphasis added). Therefore, even if the trial court could consider the merits of the motion (in the absence of an accompanying payment of the judgment), it would be prohibited from entering a stay while the motion remains pending. By contrast, the filing of the motion, accompanied by payment of the judgment, operates as an automatic stay of the judgment, including execution, until the final disposition of the motion.

. And, had Appellants placed the amount of the judgment in escrow with the clerk, they would, like the surety in Mike Snapp, be entitled to a return of those monies, with interest at the legal rate. Id. at 93.