FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-1162
_____

ESCAMBIA COUNTY CLERK OF
THE CIRCUIT COURT AND
COMPTROLLER,

 Appellant/Cross-Appellee,

 v.

PALMETTO SURETY
CORPORATION,

 Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

July 23, 2025

PER CURIAM.

 The Escambia County Clerk of the Circuit Court and Comptroller ("Clerk") appeals the trial court's final order granting Palmetto Surety Corporation's ("Surety") motion to discharge bond forfeiture. In turn, the Surety cross-appeals the trial court's order. Finding no error on the issues raised on cross-appeal, we write only to address the issue raised on direct appeal, and we reverse.

The Surety posted one appearance bond in the amount of $50,000 for the defendant in the underlying criminal matter. The Surety was properly noticed for a hearing scheduled for February 1, 2024, at which the defendant was required to appear. The Surety was informed that if the defendant was not present the bond would be forfeited. The defendant failed to appear. The bond was then declared forfeited by the trial court. A bond forfeiture was entered by the Clerk the next day. More than sixty days later, the Surety moved to discharge the forfeiture. The Surety alleged that the Clerk failed to strictly comply with the notice requirements under section 903.26, Florida Statutes, for a hearing that occurred months before the bond was forfeited. The Surety argued that the Clerk failed to notice the Surety of a hearing on October 16, 2023. The trial court agreed that the Clerk's failure to provide notice for the unrelated October hearing required discharge of the February forfeiture. On appeal, the Clerk argues that the trial court erred in discharging the forfeiture without a statutory basis. We agree.

Discharge is a statutory remedy. *See Al Estes Bonding, Inc. v. Pinellas Cnty. Bd. of Cnty. Comm'rs*, 845 So. 2d 254, 257 (Fla. 2d DCA 2003). Chapter 903, Florida Statutes, governs the pretrial release of criminal defendants. If a bond is forfeited, the surety may seek discharge within sixty days. And the statute provides only four bases for discharge. § 903.26(5), Fla. Stat. We are instructed that "[t]he discharge of a forfeiture shall not be ordered for any reason other than as specified [in section 903.26]." § 903.26(6), Fla. Stat.

The Surety did not seek discharge of the forfeiture within sixty days, nor did it assert entitlement to discharge under one of the four bases provided in section 903.26(5). Thus, the trial court erred when it discharged the forfeiture without a statutory basis. We therefore reverse the trial court's order discharging forfeiture.

ROWE, RAY, and LONG, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Codey L. Leigh, Pensacola, for Appellant/Cross-Appellee.

Lisa Hanley Colón of the Law Office of Lisa H. Colón, P.A., Miami, and Bruce S. Reich of Bruce S. Reich, P.A., Coral Springs, for Appellee/Cross-Appellant Palmetto Surety Corporation.